Commonwealth of Pennsylvania, Department of Transportation and City of Harrisburg, a Municipal Corporation, Plaintiffs v. Pennsylvania Power & Light Company, a Corporation, Defendant.

Argued March 3, 1978, before Judges Wilkinson, Jr., Mencer and Blatt, sitting as a panel of three.

*George D. Wenick,* Assistant Attorney General, with him *Herbert G. Zahn,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Nathan H. Waters, Jr.,* Assistant City Solicitor, for plaintiff.

*Carroll F. Purdy,* with him *Jack F. Aschinger,* and *Thomas & Thomas,* for defendant.

Opinion by Judge Wilkinson, Jr., April 6, 1978:

Plaintiffs, Department of Transportation (Penn-DOT) and the City of Harrisburg (City), have filed in this Court a complaint in equity seeking to compel the defendant, Pennsylvania Power and Light Company (PP&L), to relocate its utility lines and poles in a section of Cameron Street in the City so that a highway widening project may be completed. Presently before us are five preliminary objections of the de-

fendant, one which it has elected not to pursue, all raising questions of this Court's jurisdiction.

In considering this matter, we must initially note that preliminary objections admit as true all facts which are well pleaded and all inferences reasonably deducible therefrom. *Bruhin v. Commonwealth*, 14 Pa. Commonwealth Ct. 300, 320 A.2d 907 (1974). The following paragraphs of plaintiffs' complaint state its material bases:

3. Plaintiff, PennDOT, has found it necessary to widen Legislative Route 22023, Section C-11 and Legislative Route 139 Spur, Section 6 (commonly known as Cameron Street) in the City of Harrisburg for the benefit of the travelling public. The aforesaid sections of Cameron Street were added to the state highway system in 1933 and 1935 (see Act of June 3, 1933, P.L. 1492, No. 326, §1 and Act of July 12, 1935, P.L. 793, §s[sic], *as amended*, 36 P.S. §103.)

4. The defendant has certain pole line facilities located in public right-of-way on Cameron Street between highway engineering Stations $16 + 50$ and $57 + 88.79$ on Legislative Route 139 Spur, Section 6, and between Stations $57 + 88.79$ to $106 + 65$ in Legislative Route 22023, Section C-11, which must be relocated to another section within the public right-of-way in order to accommodate the proposed highway project.

5. The defendant's said facilities are located in public right-of-way pursuant to a license granted by the City dated June 26, 1899, the rights thereof having accrued to PennDOT as a result of the highway having been placed on the state's highway system as aforesaid.

6. Both plaintiffs have requested the defendant to relocate its aforesaid facilities at its

own cost and expense, as required by law, which defendant has refused to do.

In substance, the defendant by its preliminary objections alleges original jurisdiction over the complaint rests with the Pennsylvania Public Utility Commission (Commission) either under the general grant of jurisdiction in the Public Utility Law[1] or under the express grant of jurisdiction in the Urban Redevelopment Law[2] arguing that the Harrisburg Redevelopment Authority (Authority) is a necessary party to this litigation.

With respect to the Authority, the defendant argues it is a necessary party because it is the real party in interest and because it is directly interested in the outcome of the litigation to the extent that a final decree cannot be made without affecting its interest. The defendant points to the facts involving the initiation of the street widening project including the Authority's financial participation in its funding and that the highway project is but one part of an urban renewal project developed by the Authority (known as Cameron South Urban Renewal Project).

In *Spires v. Hanover Fire Insurance Co.,* 364 Pa. 52, 70 A.2d 828 (1950) our Supreme Court stated the test for determining whether a party is the real party in interest under Pa. R.C.P. No. 2002. "To be the real party in interest one must not merely have *an interest in the result of the action* but must be *in such command of the action* as to be legally entitled to give a complete acquittance or discharge to the other party upon performance." *Id.* at 58, 70 A.2d at 831. (Emphasis in original.) Clearly, under the unchallenged facts stated in the pleadings the Authority is not

---

[1] Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1101 et seq.

[2] Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §1701 et seq.

capable of giving a complete acquittance or discharge. It is PennDOT, not the Authority who owns the right-of-way, and it is PennDOT who will undertake construction of the street widening project. The fact that the highway project is within the boundaries of the Authority's urban renewal project in no way diminishes the power of PennDOT to control and regulate state highways located therein nor does it give the Authority the right to command or direct litigation related to state highway improvements within the project.

Even if the Authority is not the real party in interest, defendant alleges it is a necessary party to this litigation. It is true that no court may grant relief in the absence of a necessary party and where such party is not joined in the action the Court is deprived of its jurisdiction. *Biernacki v. Redevelopment Authority of Wilkes-Barre*, 32 Pa. Commonwealth Ct. 537, 379 A.2d 1366 (1977). A necessary party has been defined as one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing on those rights. *Tigue v. Basalyga*, 451 Pa. 436, 304 A.2d 119 (1973). To support its contention that the Authority is a necessary party, PP&L relies solely on the Authority's financial agreement regarding the project, principally its one-third contribution to the overall cost and a clause in a contract between PennDOT and the Authority which reads:

> [A]ny costs required for the alteration, change, adjustment and relocation of all utilities and other facilities, including, but not limited to, gas, electric, telephone, water, drainage and sanitary sewer systems occasioned by the highway improvement projects will not be the responsibility of the Commonwealth.

This clause, PP&L contends, means that the Authority is to bear the costs of relocation. But, surely, the

plain words of this clause do not lead inescapably to this conclusion, nor do the words indicate an intent to abrogate the general common law rule regarding relocation costs in highway right-of-ways. *See Delaware River Port Authority v. Pennsylvania Public Utility Commission,* 393 Pa. 639, 145 A.2d 172 (1958). Since PP&L has not shown any direct manner in which the Authority's rights or obligations must necessarily be determined by the outcome of this litigation we must conclude the defendant has failed to establish the requisite elements to find the Authority to be a necessary party.

Having concluded that the Authority is neither a necessary party to this litigation nor the real party in interest, we must dismiss this preliminary objection as well as the preliminary objection that the Commission has jurisdiction under the Urban Redevelopment Law.

Turning to the third preliminary objection PP&L contends that Sections 401 and 413 of the Public Utility Law, 66 P.S. §§1171, 1183 confer exclusive and initial jurisdiction in the Commission over relocation of any and all public utility facilities in the Commonwealth. Defendant relies on *Duquesne Light Co. v. Monroeville Borough,* 449 Pa. 573, 298 A.2d 252 (1972) where our Supreme Court held the Borough Code granting municipalities the power to order underground utility conduits pre-empted by the Public Utility Law. In our view, however, the *Duquesne Light Co.* case does not stretch the parameters of the Commission's statutory jurisdiction so far as to require that in each case where a utility pole must be moved from one part of a right-of-way to another the state agency or authority must seek prior approval from the Commission. A careful reading of *Duquesne Light Co.,* in particular the concurring opinion by Justice ROBERTS, indicates the borough authority to order a

change from overhead to underground conduits within its municipal boundaries was limited where the exercise of this power would have an effect in the rate structure for utility users outside the borough. Unlike *Duquesne Light Co.*, this case does not depend upon the reconciliation or pre-emption of state statutes. Rather, PennDOT premises its authority on the general police power of PennDOT to maintain highways and construct improvements for the benefit of the travelling public. As was stated by our Supreme Court in *Delaware River Port Authority v. Pennsylvania Public Utility Commission, supra* at 645-46, 145 A.2d at 175:

> Historically . . . non-transportation public utilities have been permitted to occupy highway rights-of-way free of cost, subject to and subordinate to the State's police power *to control and regulate the highways for the benefit of the public.* Such utilities obtain no property rights in the highway and can be ordered by a competent state or municipal agency to relocate their facilities at their own expense. . . . This common law rule, however, can and may be abrogated by a *specific statutory mandate.* . . . (Emphasis in original.) (Citations omitted.)

The defendant has pointed to no specific statutory mandate giving the Commission initial and exclusive jurisdiction over the relocation of all public utilities in highway rights-of-way. In fact, as against the general grant of jurisdiction granted the Commission by Section 413 of the Public Utility Law, there is only one specific statutory grant of jurisdiction to the Commission involving non-transportation public utilities. This specific grant is found in Section 412 of the State Highway Law[3] which governs situations

---

[3] Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. §670-412.

where highway construction results in an occupation of the right-of-way of the public utility requiring relocation of the utility facility outside the expanded highway right-of-way. This section provides:

> In case of the failure of such public service company, within a reasonable time after notice so to do, to remove its facilities to such substitute right of way, the Pennsylvania Public Utilities Commission shall have jurisdiction, on petition of the Department to order such transfer or reconstruction.

As stated in the pleadings, the defendant by virtue of this PennDOT construction in Cameron Street will be required to relocate its utility poles only to another portion of PennDOT's right-of-way. Therefore, this specific grant of jurisdiction does not apply to this case. Absent a specific limitation regarding utility licenses, as in the case here, on the power of PennDOT to control and maintain a state highway system, we cannot conclude that the legislature intended such a result by reason of its general grant of jurisdiction over matters concerning public utilities.

In addition to its objections that the Commission is vested with statutory jurisdiction, the defendant asserts equity does not lie because plaintiffs may seek an order from the Commission. However, if the Commission is not vested with jurisdiction pursuant to the statute, it follows that they cannot afford any relief. Having concluded that the Commission does not have jurisdiction over this complaint, defendant's assertion of a statutory remedy is without merit.

Accordingly, we will enter the following

ORDER

AND Now, April 6, 1978, the preliminary objections of defendant, Pennsylvania Power and Light Company, are hereby dismissed, and the defendant is given 30 days from the date hereof to file an answer.