Luzerne County Redevelopment Authority v. Pa. Gas & Water Company

*Mark P. Widoff* and *Michael J. Cefalo*, for plaintiff.

*Howard M. Levinson*, for defendant.

DALESSANDRO, *J.*, October 3, 1980—This matter is before the court on defendant's preliminary objections to plaintiff's complaint.

HISTORY AND FACTS

On March 20, 1980 the Redevelopment Authority of Luzerne County (authority) filed a complaint in

equity against the Pennsylvania Gas and Water Company (P.G.&W.) alleging that the authority has been and is engaged in several urban renewal projects involving the installation of storm and sanitary sewer lines, that on occasion the excavation for its projects requires the relocation of gas and water lines, and that on March 10, 1980 P.G.&W. notified the authority that it would not relocate any of its lines unless it obtained reimbursement in advance from the authority for all costs associated with any proposed relocation. The complaint further alleges that because the rule in this Commonwealth is that a utility obtains no property rights in a highway and can therefore be ordered by a competent state or municipal agency to relocate its facilities at its own expense, P.G.&W.'s refusal to do so is unlawful and causes the authority to suffer immediate and irreparable harm. Supporting affidavits are attached to the complaint with respect to the latter claim. The authority also avers that it has no adequate remedy at law.

At the time of the filing of the complaint the authority also presented a petition for preliminary injunction ex parte which was denied (Olszewski, J.). Instead a hearing was scheduled on the matter for March 27, 1980. The parties entered into a stipulation at that hearing in which they agreed, inter alia, that when relocation was necessitated by its projects, the authority would deposit in a bank account an amount of money equal to the estimated cost of the relocation, that upon notification of the deposit P.G.&W. would arrange for the prompt relocation of its lines, and that upon resolution of the issues raised by the authority's complaint the funds in the account would be paid to the party found not to be responsible for bearing the costs of relocation.

Subsequent to the approval of the stipulation by the court (Brominski, P.J.), P.G.&W. filed preliminary objections to the complaint raising the question of subject matter jurisdiction and asserting that the authority has failed to exhaust its statutory remedies. An objection suggesting that the authority's claim for equitable relief is moot has since been withdrawn, as noted at page seven of P.G.&W.'s brief. These issues having been briefed and argued, the matter is now ripe for disposition.

## DISCUSSION AND LAW

P.G.&W. first contends that the court lacks jurisdiction over the subject matter of the complaint because initial and exclusive jurisdiction in matters relating to the facilities of public utilities, including the relocation and construction of such facilities, is in the Pennsylvania Public Utility Commission (P.U.C.). Both the authority and P.G.&W. have filed lengthy briefs on this issue and have attached to their briefs copies of recent P.U.C. opinions regarding this matter. As will be discussed later, the P.U.C. apparently agrees with the position taken by P.G.&W. at bar. Nevertheless, after examining the case law we have concluded that we have jurisdiction over this dispute, and P.G.&W.'s first preliminary objection must be dismissed.

The courts in Pennsylvania have often stated that nontransportation public utility companies, while permitted to occupy highway or street rights-of-way, have no property right in the roadway and can be required by an appropriate local or state agency to relocate at their own expense. See, e.g., Delaware River Port Authority v. Pa. P.U.C., 393 Pa. 639, 145 A. 2d 172 (1958). The policy be-

hind the rule is that because the utilities occupy the highways free of cost, they should not be entitled to compensation if highway improvements necessitate relocation of their facilities. It has been held, however, that the common law rule does not apply (1) where the right to maintain facilities in the highways has been abrogated or annulled, or (2) where the improvement giving rise to the need for relocation has been for proprietary and not governmental functions or purposes. See e.g., Scranton Gas & Water Co. v. Scranton City, 214 Pa. 586, 64 Atl. 84 (1906); Postal Telegraph-Cable Co. v. Pa. P.U.C., 154 Pa. Superior Ct. 340, 35 A. 2d 535 (1944). Of course, a third way by which the rule may be avoided is by specific statutory mandate: Delaware River Port Authority v. Pa. P.U.C., supra.

P.G.&W. does not contend that its right to maintain its facilities within the highway limits has been abrogated, only that it has been required to relocate. Thus, the first exception to the general rule is inapplicable here. We believe that the second exception is also of no assistance to P.G.&W.; the installation of storm and sanitary sewer lines is clearly a valid exercise of a municipality's police power and an appropriate governmental function: New Orleans Gaslight Co. v. Drainage Commission of New Orleans, 197 U.S. 453 (1905). That the installation is being conducted by a redevelopment authority is of no consequence inasmuch as redevelopment authorities are public bodies, corporate and politic, exercising public powers of the Commonwealth as agencies thereof: Urban Redevelopment Law of May 24, 1945, P.L. 991, sec. 9, as amended, 35 P.S. § 1709. Finally, with respect to the third exception to the general rule, we have failed to locate any specific statutory mandate

which abolishes the rule in the situation presented at bar.

With this background in mind we turn to the question of jurisdiction. Rather than relying upon one of the exceptions to the common law rule on relocation, which in any event it cannot successfully do, P.G.&W. has chosen instead to contend that the rule has been substantially abrogated by the decision in Duquesne Light Co. v. Monroeville Borough, 449 Pa. 573, 298 A. 2d 252 (1972). According to P.G.&W. that case held that costs of relocation need not be imposed solely upon the utility, and because the P.U.C. is better equipped than any other agency to determine allocation of costs, it rather than the courts has exclusive jurisdiction to entertain such matters.

An identical contention was raised by the utility and squarely rejected by the Commonwealth Court in Com. v. Pennsylvania Power & Light Co., 34 Pa. Commonwealth Ct. 594, 599-600, 383 A. 2d 1314, 1317 (1978):

"Defendant relies on Duquesne Light Co. v. Monroeville Borough, 449 Pa. 573, 298 A. 2d 252 (1972) where our Supreme Court held the Borough Code granting municipalities the power to order underground utility conduits pre-empted by the Public Utility Law. In our view, however, the Duquesne Light Co. case does not stretch the parameters of the Commission's statutory jurisdiction so far as to require that in each case where a utility pole must be moved from one part of a right-of-way to another the state agency or authority must seek prior approval from the Commission. A careful reading of Duquesne Light Co., in particular the concurring opinion by Justice Roberts, indicates the borough

authority to order a change from overhead to underground conduits within its municipal boundaries was limited where the exercise of this power would have an effect in the rate structure for utility users outside the borough. Unlike Duquesne Light Co., this case does not depend upon the reconciliation or pre-emption of state statutes. Rather, PennDOT premises its authority on the general police power of PennDOT to maintain highways and construct improvements for the travelling public."

The court went on to find applicable the common law rule on relocation of nontransportation utility facilities and upheld its jurisdiction over the subject matter of the dispute.

We agree with the holding of the Commonwealth Court that Duquesne Light Co. does not stand for the proposition that the P.U.C. rather than the courts has jurisdiction over all relocation disputes. Had the Supreme Court in Duquesne Light Co. intended to abolish the common law rule it could have done so with express language to that effect. In view of the clear evidence of support for the traditional rule in other cases, we believe that the Duquesne Light Co. decision can be harmonized with those cases by interpreting it as holding only that where the relocation includes changes in the type or nature of the utility facilities such as changes from overhead to underground facilities, the P.U.C. has jurisdiction over the dispute. See Petition of Equitable Gas Co., P.U.C. Petition No. P-78010124, initial decision of March 4, 1980, p. 21 (copy attached to the authority's brief).

Similarly, we believe that the legislature could have expressly provided for P.U.C. jurisdiction in relocation cases had it desired to abolish the tradi-

tional rule. In those instances where it has chosen to place the responsibility for such cases in the P.U.C., it has done so with clear and unequivocal statutory language. For example, the P.U.C. has jurisdiction over allocation of relocation costs involving railroad crossings: Public Utility Code, 66 Pa.C.S.A. §2704. The regulatory body also has jurisdiction over disputes involving allocation of costs among municipalities where the utilities involved are publicly owned: Act of June 1, 1945, P.L. 1242, sec. 412.1, as amended, 36 P.S. §670-412.1. Because the P.U.C.'s authority must arise from the express words of the statute or by strong and necessary implication therefrom, Delaware River Port Authority v. Pa. P.U.C., supra, we reject P.G.&W.'s assertion that the general P.U.C. jurisdictional provisions are sufficient to confer exclusive authority upon that agency for resolution of disputes such as the one in issue at bar: 66 Pa.C.S.A. §§501, 1301, 1304, 1501, 1505.

The P.U.C. itself has apparently concluded that it does have jurisdiction over relocation proceedings. The rationale for that decision, which we find unpersuasive, is set forth in the P.U.C.'s order in Petition of Equitable Gas Co., No. P-78010124 (February 2, 1979) (copy attached to P.G.&W.'s brief). After accepting jurisdiction in that order, however, the P.U.C. later ruled that all costs of relocation in that case should be imposed upon the utility: Petition of Equitable Gas Co., No. P-78010124 (May 9, 1980) (copy attached to the authority's brief). We cannot discern from a reading of the opinion supporting the May 9, 1980 order whether the final decision in the case was based upon the factual finding of the administrative law judge that the gas company was best able to finance the relocation or upon his alternative legal holding that although the

P.U.C. might have jurisdiction over the dispute, it had no power to allocate costs other than in accordance with the traditional common law rule. See Delaware River Port Authority v. Pa. P.U.C., 408 Pa. 169, 182 A. 2d 682 (1962).

Regardless of its rationale, however, the P.U.C.'s opinion is not binding on us, and in the absence of a clear indication from our appellate courts or the legislature that the P.U.C. has exclusive jurisdiction in all relocation disputes, we must overrule and dismiss P.G.&W.'s first preliminary objection. The Court of Common Pleas of Luzerne County has subject matter jurisdiction over the issues raised in the authority's complaint.

P.G.&W.'s second preliminary objection also raised the issue of subject matter jurisdiction. The utility contends that initial and exclusive authority to determine matters relating to the service and facilities of utilities, including relocation and reconstruction in an urban redevelopment project, is in the P.U.C. Again, we disagree.

Because, as noted previously, the authority is an agency of the Commonwealth, we believe that any relocation dispute in which it is involved should be governed by the common law rule. A key element of that rule is that nontransportation utilities acquire no property rights in the roadways even though they are permitted to occupy them. Thus, to quote a provision of the Urban Redevelopment Law of May 24, 1945, P.L. 991, sec. 12, as amended, 35 P.S. §1712, that ". . . [n]o real property belonging to a public utility corporation may be acquired without the approval of the Public Utility Commission" and to argue, as P.G.&W. does, that the court has no jurisdiction over this dispute, it to assume the very point at issue.

Thus, we find section 1709 of the Urban Redevelopment Law inapplicable to the present proceeding. Our holding is consistent with the traditional rule on relocation costs and the definition of "real property" set forth in section 1703(k) of the redevelopment statute. P.G.&W.'s second preliminary objection will therefore be dismissed.

The final preliminary objection before us raises the issue of exhaustion of statutory remedies. In view of our disposition of the first two preliminary objections, P.G.&W.'s third objection must also be dismissed.

### ORDER

It is hereby ordered that defendant's preliminary objections are overruled and dismissed, and defendant is directed to file an answer to the complaint.