445 A.2d 1271

**Patricia MODESTA, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1981.

Filed May 21, 1982.

Petition for Allowance of Appeal Granted Aug. 18, 1982.

Susan K. Eisenberg, Philadelphia, for appellant.

Norman Hegge, Jr., Philadelphia, for appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that appellee, a self-insured, was required to provide uninsured motorist protection to its passengers, and thus, the lower court erred in sustaining appellee's preliminary objections and dismissing appellant's complaint for failing to state a cause of action. We disagree and, accordingly, affirm the order of the lower court.

It is well-settled that

> The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit a recovery. If there is any doubt, this should be resolved in favor of overruling the demurrer.

*Gekas v. Shapp*, 469 Pa. 1, 5–6, 364 A.2d 691, 693 (1976) (citations omitted). Appellant's complaint alleged that on March 2, 1978, she was severely injured when a motorist negligently crashed into the rear of appellee's bus, on which she was riding. Appellant alleged no negligence on the part

of appellee or any of its employees. Appellee is "self-insured" pursuant to the No-fault Motor Vehicle Insurance Act [1] and the motorist was "uninsured" under the Uninsured Motorist Act. [2] Appellant alleged that appellee was required to provide uninsured motorist protection to its passengers and demanded arbitration. Appellee refused to arbitrate and filed preliminary objections asserting, *inter alia*, that appellant had failed to state a cause of action. The lower court, relying upon *Johnson v. Yellow Cab Co.*, 456 Pa. 256, 317 A.2d 245 (1974) (self-insureds need not provide uninsured motorist protection), sustained appellee's preliminary objections and dismissed the complaint. This appeal followed.

The Uninsured Motorist Act requires that uninsured motorist protection be provided in every "motor vehicle liability policy of insurance ... delivered or issued for delivery in this State." 40 P.S. § 2000(a). It also provides that motor carriers such as appellee "shall have the right to reject such coverage in writing." 40 P.S. § 2000(a)(2). These provisions were interpreted in *Johnson* to "appl[y] only when a liability policy of insurance is delivered or issued for delivery. If no liability policy exists, [the Uninsured Motorist] Act, does not apply. One who is a self-insured does not have a liability policy of insurance." 456 Pa. at 259, 317 A.2d at 247. Thus, the Uninsured Motorist Act does not apply to self-insureds. *Id.; Mitchell v. Philadelphia Electric Co.*, 281 Pa.Superior Ct. 452, 422 A.2d 556 (1980). Further, the Court dismissed the contention that a self-insured is required to "reject such coverage in writing," because "[o]ne cannot reject *coverage* unless *such coverage* has been offered in a liability policy of insurance." *Johnson v. Yellow Cab Co., supra*, 456 Pa. at 261, 317 A.2d at 248. [3]

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101, 40 P.S. § 1009.101 *et seq.* (No-fault Act).

2. Act of August 14, 1963, P.L. 909, § 1, 40 P.S. § 2000, *et seq.*, as amended.

3. Appellant also contends that the Uninsured Motorist Act requires a self-insured who has not filed a written rejection of coverage to provide uninsured motorist protection, a contention specifically ad-

Under the No-fault Act, every owner of a motor vehicle registered or operated in Pennsylvania shall provide security for personal injuries and property damage sustained in an automobile accident. 40 P.S. § 1009.104(a). Such security may be provided "by a contract of insurance with an insurer or by qualifying as a self-insurer or as an obligated government." *Id.* In order to qualify as a self-insurer, one must file with the Pennsylvania Department of Transportation in satisfactory form:

(1) a continuing undertaking by the owner or other appropriate person to pay basic restoration benefits and any tort liability required in amounts not less than those required, by subsection (a) of this section, to perform all obligations imposed in accordance with this act, and to elect to pay such added restoration benefits as are specified in the undertaking;

(2) evidence that appropriate provision exists for prompt and efficient administration of all claims, benefits, and obligations provided in accordance with this act; and

(3) evidence that reliable financial arrangements, deposits, resources, or commitments exist providing assurance substantially equivalent to that afforded by a contract of insurance complying with this act for payment of no-fault benefits, any required tort liability, and performance of all other obligations imposed in accordance with this act.

40 P.S. § 1009.104(b).

■ Appellant concedes that the No-fault Act does not specifically provide that the security required comply with the provisions of the Uninsured Motorist Act. Nevertheless, she argues that "the No-fault Act, by requiring security not only for basic restoration benefits but also for tort liability, impliedly mandates that its provisions be read and interpret-

dressed and rejected in *Johnson.* "[W]e are not free, as an intermediate appellate court, to overrule the decisional law enunciated by the Supreme Court of Pennsylvania." *Hillbrook Apartments, Inc. v. Nyce Crete Co.*, 237 Pa.Superior Ct. 565, 573, 352 A.2d 148, 152 (1975). Accordingly, we need not address appellant's contention.

ed in conjunction with the Uninsured Motorist Act."[4] Appellant's Brief at 18–19. Appellant ignores, however, the language limiting the tort liability that must be covered by self insurance—"an undertaking . . . to pay basic restoration benefits and any *tort liability required in amounts not less than those required, by subsection (a) of this section, to perform all obligations imposed in accordance with this act.*" It does not include uninsured motorist protection. Appellant seeks to construe the statute to extend the coverage to tort liability outside of the Act. Such an interpretation renders meaningless the words immediately following "tort liability." "It is well-settled that '[t]he legislature cannot be deemed to intend that its language be superfluous and without import.'" *Consumers Education and Protection Association v. Nolan,* 470 Pa. 372, 387, 368 A.2d 675, 683 (1977), *quoting Daly v. Hemphill,* 411 Pa. 263, 273, 191 A.2d 835, 842 (1963). A fair reading of the subsection, requires a self-insured to provide coverage in amounts not less than those required under the No-fault Act. It does not require self-insureds to comply with the separate and distinct Uninsured Motorist Act.[5] Because we are constrained to follow

**4.** Appellant cites *Transport of New Jersey v. Watler,* 161 N.J.Superior Ct. 453, 391 A.2d 1240 (1978) for the proposition that self-insureds should be required to provide uninsured motorist protection. *Watler,* however, deals with a different statutory plan. Further, the *Watler* court specifically considered and rejected our Supreme Court's decision in *Johnson.* We are unable to do so. *See* footnote 3, *supra.*

**5.** Our Supreme Court has recently held in *Tubner v. State Farm Mutual Automobile Insurance Co.,* 496 Pa. 215, 436 A.2d 621 (1981), that "[b]ecause assigned insurers [under the No-fault Act] are obligated precisely *as if they had issued basic loss insurance policies,* and because *every* policy of basic loss insurance issued in Pennsylvania *must include uninsured motorist coverage,* the right to uninsured motorist benefits under the assigned claims plan follows *a fortiori.*" *Id.,* 496 Pa. at 219–20, 436 A.2d at 623. The Court distinguished its earlier ruling in *Johnson* by noting that "[u]nder the assigned claims plan, however, an insurance company is obligated *as if* a valid policy *had been* issued. Thus, benefits under the plan obviously cannot be conditioned on the existence of a policy." *Id.,* 496 Pa. at 220 n.11, 436 A.2d at 623 n.11. Accordingly, because a self-insured does not have a policy of liability insurance, and unlike assigned insurers, they are not "obligated as if a valid policy had been issued," but only to

our Supreme Court's interpretation in *Johnson,* and because the No-fault Act, when read together with Uninsured Motorist Act does not provide protection for appellant, the lower court properly sustained the preliminary objections and dismissed the complaint.

Order affirmed.

the extent required by the Act, we hold that appellee need not provide uninsured motorist coverage under the No-fault Act.

Similarly, 31 Pa.Code § 66–11 sets forth the minimum uninsured motorist protection required in a *policy* of insurance issued in Pennsylvania. Its provision does not require self-insurers to provide insurance not required by the Uninsured Motorist Act or the No-fault Act.