**Light v. Nanticoke City**

*Jerome L. Cohen,* for plaintiff.
*Charles A. Shaffer,* for defendant.
*Maurice A. Cardone,* for additional defendants.

DALESSANDRO, *J.,* March 4, 1985 —

## NATURE OF PROCEEDINGS

This matter is before the court on additional defendants' preliminary objections to original defendant's complaint.

## HISTORY AND FACTS

This action was commenced by the filing of a complaint in trespass on March 26, 1984. The complaint avers that plaintiff was severely injured when she slipped and fell upon a snow and ice covered sidewalk owned and occupied by original defendant. On July 20, 1984, original defendant filed a petition for extension of time to join additional defendants. Pursuant to an order of court dated August 17, 1984, made upon stipulation and agreement of plaintiff and original defendant, original defendant filed a claim against additional defendants on December 6, 1984. This complaint asserts that any injuries sustained by plaintiff were due to the carelessness and negligence of additional defendants, the record owners of the subject premises.

On December 28, 1984, additional defendants filed preliminary objections to original defendant's complaint. Original defendant filed an answer to these preliminary objections on January 9, 1985. Briefs were submitted on these issues by additional defendants on December 28, 1984, and by original defendant on January 9, 1985. No oral argument was requested.

## DISCUSSION AND LAW

Additional defendants' preliminary objections are in the nature of a demurrer and a motion to strike because of lack of conformity to law.

It is well settled that a demurrer will be sustained only if plaintiff's complaint indicates on its face that the claim cannot be sustained, and the law will not permit a recovery. See Modesta v. Southeastern Pa. Transp. Auth., 300 Pa. Super. 6, 445 A.2d 1271 (1982), revs'd on other grounds, 503 Pa. 437, 469 A.2d 1019 (1983). It has been held in Luzerne County as follows:

"In considering a demurrer, every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, must be taken to be admitted, and all doubts as to whether a demurrer should or should not be sustained must be resolved in favor of overruling the demurrer." (Citations omitted.) Oko v. Wyoming A. & D. Services, 73 Luzerne L.R. 175, 177-178 (1983). "A demurrer cannot be a 'speaking demurrer' and cannot be used to supply a fact missing in the complaint." Hall v. Goodman Co., 310 Pa. Super. 465, 477, 456 A.2d 1029, 1035 (1983).

The demurrer of additional defendants asserts that original defendant is unable to sustain a cause of action against them on the facts as stated in the preliminary objection or on any other facts. However, we may only look to the facts as they appear in original defendant's complaint, as it incorporates plaintiff's complaint. Original defendant's complaint alleges, in pertinent part:

"3. At all times material hereto, additional defendants were the owners of certain premises.... [which] are the premises referred to in plaintiff's complaint.

"4. If, in fact, plaintiff was injured as alleged in her complaint, which allegations are denied by defendant, then the injuries were solely due to the carelessness and negligence of additional defendants, as set forth in plaintiff's complaint."

The complaint of original defendant in effect avers that the ownership of the subject property was improperly stated in plaintiff's complaint.

The Pennsylvania Supreme Court has held that:

"The general rule is that the liability, if any, of a municipality for an injury due to a defective or dangerous sidewalk is only a secondary one; the primary obligation rests with the abutting property owners." Flynn v. Chester, 429 Pa. 170, 173, 239 A.2d 322, 323-324 (1968). "An abutting property owner is *primarily* liable for the removal of ice and snow upon the sidewalk." (Emphasis in original.) Rinaldi v. Levine, 406 Pa. 74, 77, 176 A.2d 623, 625 (1962). "Thus, when a plaintiff is awarded damages against a municipality because of a defective condition of a sidewalk, the municipality is entitled to a verdict over against the abutting property owner 'upon whom the ultimate burden rests.'" Claytor v. Durham, 273 Pa. Super. 571, 578, 417 A.2d 1196, 1199 (1980).

Taking as true the facts alleged in original defendant's complaint, we are unable to conclude that its claim cannot be sustained. Accordingly, the demurrer must be overruled in favor of original defendant.

The second preliminary objection is in the nature of a motion to strike for lack of conformity to law or rule of court, pursuant to Pa.R.C.P. 1017(b)(2). In their brief, additional defendants ask this court to strike original defendant's complaint because "that complaint was filed more than 60 days after service of the plaintiff's complaint upon the original de-

fendant and without good cause shown in violation of Rule 2253." In effect, additional defendants are claiming that the order of August 17, 1984, issued by the Honorable Bernard J. Podcasy, was improper as a matter of law; we are being asked to review a decision of our own Court of Common Pleas.

On July 20, 1984, original defendant filed its petition for extension of time to join additional defendants; also on that date, a rule to show cause was signed by President Judge Robert J. Hourigan, with the rule returnable and argument set for August 6, 1984. The hearing was held before Judge Podcasy, and counsel was to prepare an order for the court to sign. As noted earlier, the order was signed on August 17, 1984, "upon stipulation and agreement of the parties, made by and through their counsel of record in open court."

By submitting this motion to strike on these grounds, counsel for additional defendants is in total disregard of Judge Podcasy's order. Accordingly, additional defendants' motion to strike is denied.

## ORDER

It is ordered that the preliminary objections of additional defendants to the complaint of original defendant are hereby denied.