## Seeherman v. Pennsylvania National Mutual Casualty Insurance Company

*Jerome L. Cohen,* for plaintiff.
*Charles A. Shaffer,* for defendant.

## NATURE OF PROCEEDINGS

DALESSANDRO, *J.,* March 12, 1985—This matter is before the court on defendant's preliminary objections.

## HISTORY AND FACTS

This action was commenced by the filing of a praecipe of summons on November 20, 1984. On December 18, 1984, upon defendant's praecipe, a rule was entered upon plaintiff to file a complaint within 20 days. The complaint, filed on January 7, 1985, alleges that there is due and owing to plaintiff by the defendant the sum of $3,967.70, representing a claim for plaintiff's fee as a public adjuster.

The complaint alleges that on July 7, 1982, defendant issued an insurance policy to Neil L. Conway and Sharon T. Conway, covering premises located at 1731 Wyoming Avenue, Forty Fort, Pa.; this property was damaged by fire on November 25, 1982. On December 2, 1982, Mr. Conway entered into a public adjuster's contract with plaintiff. Subsequently, the Conways and defendant settled the claim for loss for the sum of $72,874; however, defendant did not pay plaintiff his fee of $3,967.70 representing five percent of the settlement plus expenses.

On January 23, 1985, defendant filed preliminary objections to plaintiff's complaint in the nature of a demurrer and a brief in support of the preliminary objections. Plaintiff submitted a brief on February 11, 1985, to which defendant submitted a reply brief on February 20, 1985. Oral argument was not requested by the parties on this issue.

## DISCUSSION AND LAW

Defendant's preliminary objections in the nature of demurrer assert that plaintiff's cause of action arises out of a public adjuster's contract which is unenforceable as a matter of law because it fails to meet the form approved by the Insurance Commissioner and the minimum standards as set forth in 31 Pa. Code §115.2. It is well-settled that a demurrer will be sustained only if plaintiff's complaint indicates on its face that the claim cannot be sustained, and the law will not permit a recovery. See Modesta v. Southeastern Pa. Transp. Auth., 300 Pa. Super. 6, 445 A.2d 1271 (1982), revs'd on other grounds, 503 Pa. 437, 469 A.2d 1019 (1983). It has been held in Luzerne County as follows:

"In considering a demurrer, every well pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, must be taken to be admitted and all doubts as to whether a demurrer should or should not be sustained must be resolved in favor of overruling the demurrer." (Citations omitted) Oko v. Wyoming A. & D. Services, 73 Luzerne L.R. 175, 177-178 (1983). However, conclusions of law which appear in the pleadings are not deemed admitted. See Modesta, supra.

Defendant cites Dowling v. Paules, 18 D.&C.3d 111 (1981), for the proposition that a plaintiff-insurance adjuster's failure to comply with the minimum standards of statutes regulating the contractual relationships of insurance adjusters defeats his right to recover upon such contracts, and permits a demurrer to such a complaint to be sustained. In Dowling, defendants argued that the contract upon which that insurance adjuster's cause of action was

based violated 40 P.S. §301 et seq.* The Dowling court noted that:

"The Act of April 25, 1921, 40 P.S. §303, requires that contracts between public adjusters and their clients be "in a form approved by the Insurance Commissioner . . ." *Plaintiff has stated in his brief that the contract was so approved but there is no allegation to this effect in the complaint.*" (Quotation marks and ellipsis in original; Emphasis supplied) Dowling at 112. Dowling continues, stating:

"Illegality is properly raised by demurrer if it appears on the face of the complaint although it normally should be pled as a new matter under Pa.R.C.P. 1030:2 Goodrich-Amram 2d §1017(b):11."

The complaint presently before us avers, at paragraph 6, the following facts:

"That the public adjuster's contract referred to in paragraph 5 above, a copy of which is attached hereto and marked Exhibit "A" and incorporated by reference herein, was on a form approved by the Insurance Department of the Commonwealth of Pennsylvania." For purposes of the instant pleading, we must accept this assertion of fact as true; accordingly, defendant's preliminary objections in the nature of a demurrer are without merit and are overruled. An appropriate order will be entered.

## ORDER

Now, this March 12, 1985, it is hereby ordered as follows:

---

* 40 P.S. §301 et seq. was repealed on December 20, 1981, and was replaced on the same date by 63 P.S. §1601 et seq., captioned "Insurance Adjusters (New)." Although the present matter is controlled by the latter legislation, the pertinent provisions discussed in Dowling (40 P.S. §303) are analogous to the provisions relevant to the case at hand (63 P.S. §1605).

(1) The preliminary objections of defendant are overruled;

(2) Defendant is permitted to raise the defense of illegality in its answer to the complaint, under the heading "new matter." This pleading is to be filed within 20 days from this date.