# Hahnemann Medical College and Hospital
## v. Jopling

*Todd E. Blumenfeld,* for plaintiff.
*Malcolm M. Limongelli,* for defendants.
*James A. Doherty, Jr.,* for additional defendant.

## NATURE OF PROCEEDINGS

DALESANDRO, *J.,* March 18, 1985—This matter is before the court on the preliminary objections of additional defendant Aetna Insurance Company.

## HISTORY AND FACTS

Plaintiff (Hahnemann) commenced this action against original defendants (Joplings) by filing a complaint on December 3, 1984. The complaint alleges that the Joplings failed to pay for hospital care, services, and supplies provided by Hahnemann to original defendant James Jopling; Hahnemann's complaint demands judgment against both defendants for the sum of $107,893.75, plus interest. On December 21, 1984, the Joplings filed an answer to Hahnemann's complaint, and also on that date filed original defendants' complaint against additional defendant Aetna Insurance Company (Aetna). The Joplings' complaint alleges that Aetna is solely liable to Hahnemann on the instant cause of action, on the basis that Aetna is the workmen's compensation carrier for James Jopling's employer, Contempri

Homes by Roycraft (Contempri), and is thus obligated to pay all medical and doctor bills arising from James Jopling's work-related injury.

In response to the Joplings' complaint, on January 21, 1985, Aetna filed preliminary objections in the nature of a demurrer, and a supporting brief. The Joplings filed an answer to these preliminary objections on February 6, 1985 and have neglected to support their position with a brief, in violation of Luzerne County Court of Common Pleas Local Rule 270. No oral argument was requested on this issue.

## DISCUSSION AND LAW

Aetna's argument in support of its demurrer is based upon the premise that the Joplings' exclusive remedy falls under the Pennsylvania Workmen's Compensation Act.[1] We agree.

Section 303(a) of the Compensation Act[2] provides:

"The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) [77 P.S. §411(1), (2)] or occupational disease as defined in section 108, 77 P.S. §27.1." The Joplings' complaint against Aetna alleges that James Jopling was injured in the course of his employment with Contempri and that Aetna, as Contempri's work-

---

1. As amended, February 28, 1956 P.L. (1955) 1120, §1; March 29, 1972, P.L. 159, §1, effective May 1, 1972; December 5, 1974, P.L. 782, effective in 60 days; 77 P.S. §1 et seq.

2. 77 P.S. §481(a)

men's compensation carrier, is obligated to pay all medical and doctor bills arising from James Jopling's work-related injury. Based on these allegations, it appears that this is the type of claim which section 303(a) of the Compensation Act excludes from any action at law.

Our review of the record before us, most particularly the original defendants' complaint at "Exhibit C," reveals that James Jopling has pursued his administrative remedy against Contempri in this matter. A notice of compensation payable was entered on October 25, 1978, pursuant to a decision and order of Referee Arthur L. Piccone; the referee granted James Jopling's petition for payment of certain medical expenses, counsel fees related to the petition, and travel expenses related to James Jopling's medical services. Contempri appealed the referee's decision and order, and in its decision filed November 1, 1984, the Workmen's Compensation Appeal Board affirmed Referee Piccone's decision except for the award of counsel fees;[3] the appeal board reversed on the issue of counsel fees and remanded the matter to the referee with instructions that he approve counsel fees chargeable to James Jopling pursuant to section 442 of the Act, 77 P.S. §998. In effect, the administrative adjudication of Contempri's liability to James Jopling has resulted in a substantial recovery for the claimant, less counsel fees which apparently still need to be reassessed by the referee.

In the present matter, the Joplings are suing Aetna on the basis that it is Contempri's workmen's compensation carrier; however, as the record reveals, this matter has been litigated. The decision of

---

3. Aetna is listed as the insurance carrier of record in this decision.

the Workmen's Compensation Appeal Board may not be challenged or side-stepped by adding Aetna as a third party in a suit by Hahnemann against the Joplings, alleging liability for the value of hospital care, services, and supplies rendered for the benefit of James Jopling. According to 42 Pa.C.S. §763, entitled "Direct appeals from government agencies":

"(a) General rule. — Except as provided in subsection (c) [relating to direct appeals from constitutional and judicial agencies and to appeals within the exclusive jurisdiction of the courts of common pleas, as enumerated in 42 Pa.C.S.A. §933], the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of governmental agencies in the following cases:

(1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action) or otherwise and including appeals from the Environmental Hearing Board, . . . and from any other Commonwealth agency having statewide jurisdiction. . . ." 42 Pa.C.S. §763(a)(1). The Joplings' complaint does not allege that Aetna has refused to pay the award as affirmed by the Appeal Board, or that the matter has been fully adjudicated on the administrative level, as regards the remand.

Counsel for the Joplings has been grossly derelict in his duty to provide a supporting brief on the cause of action which he has asserted. Equally shocking to this court are the Joplings' answers to Hahnemann's complaint and to Aetna's preliminary objections. The Joplings' responses to Hahnemann's complaint appear to indicate that they do not know if James Jopling signed a written request for or ever received hospital care from Hahnemann (paragraph 3); when Hahnemann alleges that the Joplings are liable for the hospital care, the Joplings

deny such liability but fail to assert any excuse for liability, although their complaint against Aetna for such liability was filed on the same date as their answer (paragraph 7). In response to Aetna's preliminary objections, the Joplings assert that they are without knowledge or sufficient information to form a belief as to the truth of the averments, that their exclusive remedy fails under the Workmen's Compensation Act and that their own complaint fails to set forth a cause of action upon which relief can be granted (paragraphs 3 and 4).

It is well-settled that a demurrer will be sustained only if a complaint indicates on its face that the claim cannot be sustained, and the law will not permit a recovery. See Modesta v. Southeastern Pa. Transp. Auth., 300 Pa. Super. 6, 445 A.2d 1271 (1982), revs'd on other grounds, 503 Pa. 437, 469 A.2d 1019 (1983). It has been held in Luzerne County as follows:

"In considering a demurrer, every well pleaded material fact set forth in the complaint, as well as all inferences reasonable deducible therefrom, must be taken to be admitted, and all doubts as to whether a demurrer should or should not be sustained must be resolved in favor of overruling the demurrer. (Citations omitted) Oko v. Wyoming A & D Services, 73 Luzerne L.R. 175, 177-178 (1983). However, conclusions of law which appear in the pleadings are not deemed admitted. See Modesta, supra.

Our review of the Joplings' complaint reveals that their basis for suit is founded on workmen's compensation law and has been previously adjudicated at the administrative level. The law will not permit the Joplings to recover on their claim. Accordingly, Aetna's preliminary objections in the nature of a demurrer are appropriately sustained. An appropriate order will be entered.

## ORDER

Now, this March 18, 1985, it is hereby ordered as follows:

(1) The preliminary objections in the nature of a demurrer filed by additional defendant Aetna Insurance Company are sustained.

(2) The original defendants' complaint filed by the Joplings against Aetna is hereby dismissed with prejudice.