598 A.2d 54

**Wayne CULVER, a minor, by William R. CULVER, his natural parent and guardian; and William R. Culver and Carole A. Culver, husband and wife, Appellants,**

v.

**PORT ALLEGANY REPORTER ARGUS and Leader Publishing Company, Inc.; and Ronald Ungerer, Appellees.**

Superior Court of Pennsylvania.

Argued Aug. 22, 1991.

Filed Oct. 25, 1991.

Harold B. Fink, Jr., Port Allegany, for appellants.

George Stenhach, Coudersport, for appellees.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

In this action for an alleged invasion of privacy, the trial court sustained the newspaper defendant's preliminary objection in the nature of a demurrer and dismissed the complaint. The court held that there could be no cause of action for the accurate publication of information obtained by a reporter while attending a public meeting of the local school board. The claimants appealed. We affirm the order of the trial court.

A demurrer admits as true all well-pleaded factual averments set forth in the complaint, as well as all inferences

reasonably deducible therefrom. However, when those facts and inferences fail to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained. *Mack Trucks, Inc. v. Performance Associates Corp.*, 381 Pa.Super. 173, 553 A.2d 412 (1989); *Modesta v. Southeastern Transportation Authority*, 300 Pa.Super. 6, 445 A.2d 1271 (1982).

■ William R. Culver and Carole A. Culver were informed by school administrators of the Port Allegany School District that the district intended to request that their son, Wayne, repeat the third grade. The Culvers did not believe the school had properly evaluated Wayne and, therefore, sought a second opinion from a certified school psychologist. This psychologist informed the Culvers that Wayne was "learning disabled." The Culvers subsequently requested reimbursement of $225.75, the cost of the evaluation, from the "school board and/or certain administration officials." This request was presented by the Superintendent of Schools, Ronald Ungerer, to the members of the school board at a public meeting. A reporter from the defendant, Port Allegany Reporter Argus, was in attendance at the meeting, and the newspaper thereafter published two articles regarding the Culvers' reimbursement request. The first article reported that both the private psychiatrist and the school district psychiatrist "had found the boy has a learning disability." The second report also recited that Wayne Culver had a learning disability. This information had been disclosed and was discussed openly during the public meeting of the school board.

The Culvers, on their own behalf and on behalf of their son, Wayne, filed an action against Reporter Argus and its publisher, Leader Publishing Company, Inc. They averred that the published information had been an invasion of their right to privacy because it was of a type "the plaintiffs consider as being personal and private such that they do not wish to have this information generally disseminated and available to the public generally." The newspaper filed

preliminary objections to the complaint, which the court sustained.

■ Invasion of privacy is not one tort but rather a complex of four analytically distinct causes. These four causes are identified by the Restatement (Second) of Torts §§ 652B–E as: (1) intrusion upon seclusion, (2) appropriation of name or likeness, (3) publicity given to private life, and (4) publicity placing a person in false light. See: *Larsen v. Philadelphia Newspapers Inc.*, 375 Pa.Super. 66, 81, 543 A.2d 1181, 1188 (1988), *alloc. denied*, 520 Pa. 597, 552 A.2d 251 (1988); *Marks v. Bell Telephone Co. of Pa.*, 460 Pa. 73, 85–56, 331 A.2d 424, 430 (1975). Appellants contend that the tort committed by the appellee newspaper was based upon publicity given to their private lives.

■ One who gives publicity to a matter which concerns the private life of another is subject to liability to the other for invasion of privacy if the matter published is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public. *Harris By Harris v. Easton Publishing Co.*, 335 Pa.Super. 141, 154, 483 A.2d 1377, 1384 (1984); Restatement (Second) of Torts § 652D. "When the matter to which publicity is given is true, it is not enough that the publicity would be highly offensive to a reasonable person. The common law has long recognized that the public has a proper interest in learning about many matters. When the subject-matter of the publicity is of legitimate public concern, there is no invasion of privacy." Restatement (Second) of Torts § 652D, comment d. See: *Cox Broadcasting Co. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975) (no invasion of privacy where truthful information published is matter of legitimate public concern). "Included within the scope of legitimate public concern are matters of the kind customarily regarded as 'news'." Restatement (Second) of Torts § 652D, comment g.

In the instant case, the fact that the school district was being asked to pay with tax dollars the cost of a privately

retained psychologist who had examined a pupil was newsworthy. Therefore, so long as the facts were reported accurately and truthfully, the newspaper-appellee cannot be held liable for invasion of privacy by reporting that which transpired in a public meeting.

In *Cox Broadcasting Corp. v. Cohn, supra,* the Supreme Court held that a broadcasting corporation could not be found liable for invading privacy after it had published the name of a rape victim obtained from official records open to public inspection. The same rule is applicable to media dissemination of matters disclosed at public meetings of local school boards. There can be no liability for accurately and truthfully publishing such information. See also: *Smith v. Daily Mail Publishing Co.,* 443 U.S. 97, 99 S.Ct. 2667, 61 L.Ed.2d 399 (1979).

A contrary result is not required by the decision in *Harris By Harris v. Easton Publishing Co., supra.* There, the newspaper had published a fictionalized account of a woman's difficulty in obtaining welfare benefits, which account had been disseminated by the Department of Public Welfare. In holding that it was improper to dismiss the complaint summarily, the Court determined that the facts divulged by the applicant were confidential and, therefore, could be found by a jury to be private and not the subject of public information. This is distinguishable from the instant case, where the information printed by the newspaper was a factual reporting of a discussion concerning the expenditure of public funds which took place at a public meeting of a local school board. The instant case is one in which there can be no action for invasion of privacy, for as the *Harris* court acknowledged:

> The right of privacy competes with the freedom of the press as well as the interest of the public in the free dissemination of news and information, and these permanent public interests must be considered when placing the necessary limitations upon the right of privacy. *See Hull v. Curtis Publishing Company,* 182 Pa.Super. 86, 125 A.2d 644 (1956). An action based on such right must not

become a vehicle for establishment of a judicial censorship of the press. *Aquino v. Bulletin Company,* [190 Pa.Super. 528, 154 A.2d 422 (1959)].

*Id.,* 335 Pa.Superior Ct. at 162, 483 A.2d at 1388.

Order affirmed.