634 A.2d 264

**Michael SANTILLO, Appellant,**

**v.**

**Clement REEDEL and Robert Piermatteo, Sandra Adams and Martine Ross (Mary Doe I).**

Superior Court of Pennsylvania.

Argued Sept. 29, 1993.

Filed Nov. 30, 1993.

Carla E. Connor, Norristown, for appellant.

Christine M. Mooney Brenner, Philadelphia, for Reedel & Piermatteo, appellees.

Before ROWLEY, President Judge, and OLSZEWSKI and BECK, JJ.

BECK, Judge:

This is an appeal of a order granting summary judgment in favor of appellees on all claims by appellant. We affirm.

In 1987, appellant, a former police officer, ran for the office of district justice in Montgomery County. Prior to the election, a young woman informed the press that eight years before, when she was sixteen years old, appellant made unwanted sexual advances toward her. The newspaper articles revealed that Sandra Adams (Adams), the girl's mother, made a formal complaint to the police department and sought to press charges against appellant. The police began an investigation of the complaint and interviewed the alleged victim. She was given a polygraph test which indicated that she was telling the truth. After some discussion with the police, the mother signed a release stating that she would not press criminal charges nor bring a civil action against appellant provided he resigned from the police force. One week after the mother signed the release, appellant resigned from his position as a police officer.

In response to questions by newspaper reporters, Upper Merion Township Chief of Police Clement Reedel (Reedel) and Lieutenant Robert Piermatteo (Piermatteo), appellees herein, confirmed that a complaint had been made by Adams and that a polygraph test had been administered in the investigation of the complaint. However, neither officer revealed the nature or findings of the investigation.

Appellant brought suit against the publishers of the newspapers, the reporters, Adams and her daughter and Reedel and Piermatteo for defamation, invasion of privacy and intentional infliction of emotional distress, seeking both compensatory and punitive damages. The parties filed Answers denying the allegations and after some preliminary discovery, Reedel and Piermatteo filed a motion for summary judgment.[1] The motion was granted and this timely appeal followed.

■ We begin by noting that the trial court's order granted summary judgment on all claims against Reedel and Piermatteo. However, appellant's brief addresses only the invasion of privacy claims. Therefore, any appellate challenge to the other claims against Reedel and Piermatteo has been waived and we address only those issues briefed by appellant. *See* Pa.R.A.P. 2116(a); *Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 551 A.2d 1112, 1114 (1988).

■ Summary judgment is appropriate in matters which are free and clear from doubt and in which there are no issues of material fact. The moving party must be entitled to judgment as a matter of law. *Intili v. Salak,* 403 Pa.Super. 578, 589 A.2d 761, 764 (1991). We review the record in the light most favorable to the non-moving party, accepting as true all well-pleaded facts and giving to that party the benefit of all reasonable inferences. *Carns v. Yingling,* 406 Pa.Super. 279, 594 A.2d 337 (1991). Our review is not limited to the pleadings, but includes depositions, answers to interrogatories, admissions and affidavits. Pa.R.C.P. 1035(b).

■ Tort claims based on invasion of privacy can be one of four types: 1) intrusion upon seclusion, 2) appropriation of name or likeness, 3) publicity given to private life, and 4) publicity placing a person in a false light. *Culver by Culver v. Port Allegheny Reporter Argus,* 409 Pa.Super. 401, 598 A.2d 54, 56 (1991), *alloc. denied,* 533 Pa. 600, 617 A.2d 1274 (1992); Restatement (Second) of Torts §§ 652B–E. Appellant claims

1. The newspaper publishers and reporters were dismissed from the suit by stipulation of the parties. Adams and her daughter apparently remain as defendants.

that in confirming the existence of Adams' complaint and the subsequent investigation and polygraph test, Reedel and Piermatteo gave publicity to appellant's private life and placed him in a false light.

In order to make out a claim of publicity to private life, a plaintiff must establish that a private fact was publicized and that such fact was of a type highly offensive to a reasonable person and not of legitimate concern to the public. *Harris by Harris v. Easton Publishing Company*, 335 Pa.Super. 141, 483 A.2d 1377, 1384 (1984). The trial court found that summary judgment was proper on this claim because "no genuine issues of material fact exist[ed] . . . as to whether the publicity given to the contents of [appellant's] personnel file was highly offensive to a reasonable person or was of legitimate public concern." Trial Court Op. at 7. We disagree that release of the information here could not cause a reasonable person of ordinary sensibilities to be offended. The nature of the allegations, sexual abuse of a minor, are of a type that could indeed cause shame or humiliation for its subject. *See Harris, supra*, 335 Pa.Super. at 159, 483 A.2d at 1387 (whether publication of welfare applicant's history is highly offensive is question of fact precluding summary judgment).

We agree, however, that there is no question that the information was of legitimate concern to the public. Appellant was running for public office. As candidate for district justice, he sought a position that would enable him to judge the conduct of others and determine whether that conduct was in conformity with the law. A claim that he violated the law was relevant and newsworthy. Whether or not the substance of the complaint was true, Reedel and Piermatteo's confirmation of the complaint and the ensuing investigation presented a matter of public concern, therefore, appellant's claim of publicity to private life must fail. *See Culver, supra.*

Appellant's second claim, false light, also fails. In order for such a claim to be successful, appellant must show that a highly offensive false statement was publicized by appellees with knowledge or in reckless disregard of the

falsity. *Neish v. Beaver Newspapers, Inc.*, 398 Pa.Super. 588, 581 A.2d 619, 624 (1990), *alloc. denied*, 527 PA. 648, 593 A.2d 421 (1991). None of the statements made by appellees Reedel and Piermatteo was false. The trial court found, and after reviewing the record we agree, that appellees presented ample evidence that the complaint was made and an investigation commenced. Neither Reedel nor Piermatteo commented on the outcome of the investigation; they did not offer to the press their evaluation of the merits of the complaint. Their statements confirming the existence of the controversy simply were not false.

In *Larsen v. Philadelphia Newspapers, Inc.*, 375 Pa.Super. 66, 543 A.2d 1181 (1988), we recognized that a false light claim can be established where true information is released if the information tends to imply falsehoods. *Id.* at 82, 543 A.2d at 1189. "Literal accuracy of separate statements will not render a communication 'true' where the implication of the communication as a whole was false." *Id.* (citing *Dunlap v. Philadelphia Newspapers, Inc.*, 301 Pa.Super. 475, 448 A.2d 6, 15 (1982)). In order to prevail on this theory of false light invasion of privacy, appellant must show discriminate publication of true statements, that is, appellees must have *created* a false impression by knowingly or recklessly publicizing selective pieces of true information. The question is whether appellees made "discrete presentation[s] of information in a fashion which render[ed] the publication susceptible to inferences casting [appellant] in a false light. . . ." *Id.*

We do not find discriminate publication in this case. Reedel and Piermatteo were asked by reporters to confirm the existence of the complaint, the details of which were already known to reporters. Appellees confirmed that a complaint was made and a polygraph test was given, but refused to give any additional information. Appellant misapprehends the meaning of discriminate publication when he insists that appellees should have told reporters that appellant also received commendations as a police officer. Reedel and Piermatteo did not selectively publicize portions of appellant's personnel file

and appellant's claim for false light invasion of privacy properly was dismissed on summary judgment.

Order granting summary judgment in favor of appellees affirmed.