Ronald J. Matschener, Appellant *v.* City of Pittsburgh, a Municipal Corporation; County of Allegheny; School District of the City of Pittsburgh, Appellees.

Argued May 1, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*Stephen J. Zivic,* with him *Morton B. Debroff,* for appellant.

*D. R. Pellegrini,* Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellees.

OPINION BY JUDGE ROGERS, June 13, 1978:

Ronald J. Matschener has appealed from an order of the Court of Common Pleas of Allegheny County dismissing his complaint in equity on the demurrers of the City of Pittsburgh (City), the County of Allegheny (County) and the School District of the City of Pittsburgh (School District). Matschener sought an order of the court below requiring the defendants specifically to perform an agreement entered into by the City, as trustee, to sell certain real estate to the plaintiff.

By his complaint Matschener alleged that the City, County and School District were owners of property at 4506, 4508, 4510 and 4512 Haline Street, Pittsburgh, Pennsylvania; that the City became trustee of said properties on June 1, 1970 and managed and controlled the same for all three taxing bodies as beneficial owners; that Matschener and his family have been tenants of 4506 Haline Street since November, 1970; that on February 24, 1976, the City gave to Matschener a written first option to purchase the property at 4506 Haline Street for a subsequently established price of $5000.00; that on April 23, 1976, Matschener, through his attorney, notified the City in writing of his acceptance of the option to purchase and complied with terms of sale established by the City by forwarding a $500.00 cashier's check as deposit; that Matschener made substantial and valuable improvements to the premises in reliance upon the contract so made; and that the City refused to execute and deliver to Matschener the deed of the premises in question.

Each, the City, County and School District filed identical preliminary objections in the nature of a demurrer as follows:

Plaintiff has no claim against the [City, County or School District] to enforce an alleged contract for the sale of land not in accordance with the provisions of the Act of July 5, 1947, P.L. 1258 [as amended], 53 P.S. §26101 et seq.

The court below sustained the demurrer stating that: The plaintiff failed to aver that the alleged contract is in compliance with the manner mandated by the Act [of July 5, 1947] while Defendants admit that the alleged contract does not meet any of the requirements of the Act. Plaintiff, therefore, has no legally recogniza-

ble claim against defendant taxing bodies on the alleged contract, because the taxing bodies do not possess the power to sell land subject to tax liens in any manner but the manner enunciated in the Act.

Initially, we observe that the ground for dismissal of the complaint laid in the defendants' demurrers—that the plaintiff cannot enforce a contract for the sale of land "not in accordance with the Act of July 5, 1947"—is inspecific in the extreme. The Act of Assembly referred to regulates the matter of sales of real property for delinquent taxes in cities of the second class. It provides for the sale of such properties by the city treasurer; it authorizes cities of the second class to bid on and purchase said properties, thereafter holding title as trustee for local taxing bodies; and it authorizes the resale of such properties purchased by cities of the second class at private sale without or, if desired for title purposes, with court approval. *See Allegheny County Port Authority v. Flaherty,* 6 Pa. Commonwealth Ct. 135, 293 A.2d 152 (1972), and *Grimm v. City of Pittsburgh,* 2 Pa. Commonwealth Ct. 600, 279 A.2d 379 (1971). The demurrers fail to state which of the numerous steps required or authorized in acquiring or conveying title was not observed. Pa. R.C.P. No. 1028(a) requires that "preliminary objections shall state specifically the grounds relied upon." While we must pass this point because the plaintiff did not file preliminary objections to the demurrers, the wisdom of the Rule No. 1028(a) is here demonstrated by the fact that it now appears that the infirmity of the complaint in the appellees' view lies not in the Act of July 5, 1947 but in altogether different statute. The appellees' brief on this appeal asserts that the plaintiff may not have specific performance, not on account of any matter relating to the Act of July 5, 1947 referred to in

the demurrer, but by reason of the asserted failure of City Council by resolution to approve the contract, which it is claimed is required by the Pittsburgh Home Rule Charter. It seems to us that the absence of such a resolution, if required, is a matter which should be pleaded in defense to the action rather than that its presence should be pleaded by the plaintiff. In any case, as noted, the demurrers filed are not grounded on the Home Rule Charter. Neither do the demurrers raise the question of whether the writings appended to the plaintiff's complaint as the written agreements sued on constitute a definitive agreement on the part of the City to sell the properties in question to the plaintiff.

A demurrer is an assertion that a complaint does not set forth a cause of action upon which relief can be granted. *Balsbaugh v. Rowland,* 447 Pa. 423, 290 A.2d 85 (1972). In disposing of a demurrer, every well pleaded, material, relevant fact set forth in the pleading to which it is filed, together with all reasonable inferences therefrom, are admitted as true. *Eden Roc Country Club v. Mullhauser,* 416 Pa. 61, 204 A.2d 465 (1964). A demurrer will be sustained only where a plaintiff's complaint or pleading shows with certainty that upon the facts averred therein, the law will not permit the plaintiff to recover. *International Union of Operating Engineers v. Linesville Construction Co.,* 457 Pa. 220, 322 A.2d 353 (1974); *Buchanan v. Brentwood Federal Savings and Loan Association,* 457 Pa. 135, 320 A.2d 117 (1974). A demurrer cannot supply a fact missing in the complaint. *Linda Coal & Supply Co. v. Tasa Coal Co.,* 416 Pa. 97, 204 A.2d 451 (1964). *See also, International Union of Operating Engineers v. Linesville Construction Co., supra.* These standards applied to the pleadings of this case and a proper study of the Act of July 5, 1947, show that the plaintiff's complaint is proof against demur-

rers asserting only that the contract sued on was "not in accordance with the provisions of the Act of July 5, 1947."

We therefore reverse the order below and overrule the preliminary objections and, noting that Pa. Rule 1028(b) provides that all preliminary objections shall be raised at one time, we remand the record with direction that the appellees may file their Answer to the complaint within twenty days after notice of this order.

### ORDER

AND Now, this 13th day of June, 1978, we reverse the order below and overrule the preliminary objections; the record is remanded with leave to the appellees to file Answers to the complaint within twenty days after notice of this order.