## Cummings v. Pennsylvania Manufacturers' Association Insurance Co.

*Allan Jaffe*, for plaintiff.
*Thomas M. Goutman*, for defendant.

HILL, *J.*, March 25, 1981—Defendant filed preliminary objections to plaintiff's amended complaint which alleged that defendant's failure to make timely workmen's compensation benefits caused him emotional distress resulting in heart spasms and other physical injuries.

The preliminary objections contend that the complaint which sounds in contract fails to plead the necessary elements of an actionable tort and that plaintiff's only remedy is under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, 77 P.S. § 1 et seq.

The preliminary objections also contend that this court has no jurisdiction because plaintiff's action falls within the scope of that act.

### DISCUSSION

1. Cause of action for emotional distress.

"A demurrer will be sustained only where a plaintiff's complaint or pleading shows with certainty

that upon the facts averred therein, the law will not permit the plaintiff to recover." Matschener v. City of Pittsburgh, 36 Pa. Commonwealth Ct. 69, 73, 387 A. 2d 954, 956 (1978).

"In disposing of a demurrer, every well pleaded, material, relevant fact set forth in the pleading to which it is filed, together with all reasonable inferences therefrom, are admitted as true." Matschener, supra.

Plaintiff's amended complaint alleging late payment of workmen's compensation benefits states that he was injured on April 25, 1979 and applied for workmen's compensation benefits shortly thereafter, his initial benefits draft being received on or about the first week of May, 1979.

After the filing of a termination petition and an unsuccessful attempt to return to work, plaintiff received both the second payment (for the period May 15, 1979 to May 30, 1979) and the third payment (for the period May 30, 1979 to June 6, 1979) on or about June 10, 1979.

Plaintiff received the fourth payment (for an unspecified period) on or about July 4, 1979, both the fifth payment (for the period July 5, 1979 to July 9, 1979) and the sixth payment (for the period July 11, 1979 to July 24, 1979) on July 30, 1979, and the seventh payment due for a four week period on August 20, 1979.

In summary, the extent of the late payments were as follows:

(1) The second draft was approximately two weeks late;

(2) The fifth draft was approximately three weeks late;

(3) The sixth draft was approximately one week late.

Defendant argues that its conduct as alleged by plaintiff constitutes failure to perform rather than improper performance of its contractual obligation with plaintiff's employer to provide workmen's compensation benefits to injured employes. Defendant cites Raab v. Keystone Insurance Co., 271 Pa. Superior Ct. 185, 187, 188, 412 A. 2d 638, 639 (1979), where the Court states: "The test used to determine if there exists a cause of action in tort growing out of a breach of contract is whether there was an improper performance of a contractual obligation (misfeasance) rather than the mere failure to perform (nonfeasance)." (Citations omitted.)

On the reasoning of the Raab case, however, defendant's conduct in making late workmen's compensation benefits would appear to more closely resemble the improper performance of a contractual obligation rather than a failure to perform.

While the payments in question were late, certainly it does not appear that the character of their delay was such as to be shocking. Nevertheless, plaintiff has alleged that because these payments were late, he was unable to provide life's necessities for himself and his family on a regular basis.

This court is unable to hold as a matter of law that plaintiff's claim that this situation caused him to suffer extreme emotional distress and resulting injury is without foundation in fact. It is not inconceivable that at trial plaintiff can prove by a preponderance of the evidence that this really happened.

Moreover, in paragraph 21 plaintiff has alleged that defendant ignored repeated telephone requests to issue benefits and that an agent told a representative of plaintiff that he was a "bulls . . ." and not entitled to benefits. Plaintiff's assertion that

these allegations support a claim of malice may be borne out at trial.

The above facts pleaded by plaintiff satisfy the requirements of section 46(1) of the Restatement, 2d, Torts, which provides: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

Accordingly, the preliminary objections cannot be sustained on the theory that the amended complaint fails to set forth a cause of action for emotional distress.

### 2. Plaintiff's action is not barred by the Workmen's Compensation Act.

As to whether plaintiff's claim falls within the scope and exclusive remedy of The Pennsylvania Workmen's Compensation Act, 77 P.S. §481, defendant argues that because plaintiff's initial injury was governed by the act, subsequent injuries arising from the carrier's failure to make timely payment of benefits pursuant to the act also fall within its scope. Defendant notes that the act provides a remedy of up to 20 percent interest for payment delays: 77 P.S. §991.

The act, however, does not remedy injuries resulting from late payments.

In Tropiano v. Travelers Insurance Company, 455 Pa. 360, 319 A. 2d 426 (1974), plaintiff was injured in the course of his employment and received treatment by way of workmen's compensation benefits. After his treatment proved harmful, plaintiff brought an action in trespass against the insurance carrier.

In holding that this was not within the scope of the Workmen's Compensation Act, the Supreme Court pointed out that the alleged acts of negligence by the carrier were committed subsequent to and independent of the original injury, with no involvement on the part of the employer.

In Mays v. Liberty Mutual Insurance Co., 323 F. 2d 174 (3d Cir. 1963), the Court of Appeals held that the act governs the legal relations between employer and employe but does not alter an employe's right against a third party so as to bar an action against an insurance carrier which had failed to make safety inspections.

In Reed v. Hartford Accident and Indemnity Company, 367 F. Supp. 134, 135 (E.D. Pa. 1973), plaintiff sued the insurance carrier when his workmen's compensation payments were discontinued. The court held that this was "not a case of permitting an employee to sue an insurer based on an employment-connected accident where he could not sue the employer directly. . . . Rather, this is a completely independent cause of action, arising out of the relationship between insured and insurer qua insurer."

See, also, Pirocchi v. Liberty Mutual Insurance Co., 365 F. Supp. 277 (E.D. Pa. 1973).

Accordingly, defendant's preliminary objections to plaintiff's amended complaint are dismissed.

## ORDER

And now, March 25, 1981, upon consideration of defendant's preliminary objections to plaintiff's amended complaint, and plaintiff's answer thereto, it is hereby ordered and decreed that defendant's preliminary objections are dismissed.