John P. Niebauer, Jr., Delta Excavating and Trucking Co., Inc., and Delta Quarries and Disposal, Inc., Appellants v. Centre County Solid Waste Authority, Appellee.

Argued April 6, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Alfred Jones, Jr., Dunaway, Weyandt, McCormick & Jones,* for appellants.

*R. Mark Faulkner,* with him *John W. Blasko, McQuaide, Blasko, Schwartz, Fleming and Faulkner, Inc.,* for appellee.

OPINION BY JUDGE ROGERS, May 27, 1981:

John P. Niebauer (appellant), a resident and taxpayer of Centre County[1] and the president of two corporations principally engaged in transporting and disposing of solid waste in Huntingdon County, seeks injunctive relief declaring invalid a contract for waste disposal made by the Centre County Solid Waste Authority (Authority) without competitive bidding and to require the Authority to let the contract by public

---

[1] As a Centre County taxpayer, Niebauer had standing to pursue this action. *Lutz Appellate Printers, Inc. v. Commonwealth Department of Property and Supplies,* 472 Pa. 28, 370 A.2d 1210 (1977).

bidding.[2] The Authority filed a demurrer to the complaint which was sustained by the Centre County Court of Common Pleas.

A demurrer admits all well pleaded, material, relevant facts set forth in the complaint and all reasonable inferences drawn therefrom. *Carney v. Floyd*, 45 Pa. Commonwealth Ct. 10, 404 A.2d 760 (1979). For the demurrer to be sustained, it must clearly appear from those facts that the law will permit no recovery. *Matschener v. City of Pittsburgh*, 36 Pa. Commonwealth Ct. 69, 387 A.2d 954 (1978).

The appellant alleged:

7. The Plaintiff Corporations are engaged in the business of hauling solid waste and in the disposal of such solid wastes at an approved landfill site in Franklin Township, Huntingdon County, Pennsylvania, which site is controlled by Plaintiff Delta Quarries and Disposal, Inc. under a twenty-five year lease.

8. Plaintiff, Niebauer, as an individual residing in Patton Township is required to pay fees for trash removal and garbage which fees are dependent and directly related to Defendant's contract for hauling and disposing of solid wastes.

. . . .

---

[2] In paragraph nine of the complaint, Niebauer alleged that "[a] contract for hauling solid wastes was awarded to R.S. Carlin, Inc., of Snow Shoe, Pennsylvania on or about July 3, 1978, which contract was awarded without competitive bidding." However, evidence adduced at a hearing on Niebauer's application for a temporary injunction (which was refused), revealed that, contrary to the allegation, the hauling contract was properly awarded by competitive bidding to another hauler some two years before and was merely assigned to R. S. Carlin, Inc. about July 3, 1978. At argument before this Court, counsel for Niebauer agreed that in light of this evidence, issues involving the hauling contract would no longer be pressed.

10. The Defendant has ordered the preparation of a contract for the disposal of solid wastes at a landfill site owned or controlled by R. S. Carlin, Inc., and Plaintiffs believe that the said contract will be awarded on or about August 31, 1978, all without competitive bidding, contrary to the provisions of Section 10.A of the Municipalities Authorities Act of 1945, as amended.

. . . .

16. Plaintiffs believe that Defendant would save in excess of $250,000 over the life or lives of these contracts by contracting with Plaintiffs, Delta Excavating and Delta Quarries, for hauling and disposing of solid wastes at the Franklin Township, Huntingdon County, disposal site.

. . . .

18. Defendant, Delta Excavating is a responsible hauler, capable and willing to haul solid wastes from Defendant's transfer station.

The Court of Common Pleas determined that these allegations were insufficient to make out a cause of action because the pertinent section of the Municipal Authorities Act[3] does not require competitive bidding with respect to contracts for the disposal of municipal waste.

Section 10 of the Act, 53 P.S. §312 requires competitive bidding on contracts for

construction, reconstruction, repairs or work of any nature made by any Authority, where the entire cost, value or amount of such construction, reconstruction, repairs or work, including labor and materials, shall exceed Two Thousand Five Hundred Dollars ($2,500). . . .

---

[3] Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §301.

We agree with the Court of Common Pleas that the acquisition by contract of the right to deposit municipal waste on the land of another is not within Section 10 because the contract is not one for the "construction, reconstruction, repairs or work. . . ." In addition, as the Supreme Court of Pennsylvania reasoned in *Wright v. Wagner,* 405 Pa. 546, 550, 175 A.2d 875, 877, *cert. denied,* 369 U.S. 849 (1961):

> The decision of the framers of the charter not to require competitive bidding by City in obtaining sites for the dumping of debris is sound. It would be most impracticable to require competitive bidding, since all the factors, such as location of the site, layout of the site, available access to roads, traffic considerations, neighborhood sentiment and the type of debris, contribute to the uniqueness of the requirements and defy bid specifications.

Order affirmed.

ORDER

AND Now, this 27th day of May, 1981, the order of the Court of Common Pleas of Centre County is affirmed.