532 A.2d 484

**MENTZER & RHEY, INC., a Pennsylvania Corporation, Bob Mentzer Ford Inc., a Pennsylvania Corporation, and C. Robert Mentzer and Lucille F. Mentzer, His Wife, Individually**

v.

**Bruno FERRARI, Appellant,**

v.

**MENTZER & RHEY, INC., a Pennsylvania Corporation, Carl E. Fisher, an Individual, B. Ernest Long, Donald R. Rigone, David L. Robinson, and Wesley T. Long Trading and Doing Business as Fisher, Long, & Rigone.**

Superior Court of Pennsylvania.

Argued June 16, 1987.

Filed Oct. 14, 1987.

124

Alan K. Berk, Greensburg, for appellant.

Virginia C. Robinson, Pittsburgh, for appellees Mentzer & Rhey, Inc., Fisher, B. Ernest Long, Robinson and Wesley T. Long, appellees.

James A. Beinkemper, Sr., Pittsburgh, for appellee Rigone.

Before ROWLEY, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

This is an appeal from the order of the trial court sustaining preliminary objections to appellant's complaint to join additional defendants. The issue raised is whether attorneys who performed a title search for buyers of property may be properly joined as third-party defendants under Pa.R.C.P. 2252(a) when the buyers sue the seller for damages resulting from an allegedly fraudulently concealed and defective culvert and the attorneys failed to discover the existence of the culvert in their title search. We now affirm the order of the trial court.

Appellant Bruno Ferrari, the original defendant, sold a parcel of land located in Westmoreland County to Mentzer and Rhey, Inc., an auto dealership, in August of 1970. On August 16, 1984 a portion of the land located on Mentzer & Rhey's used car lot collapsed, creating a dangerous hole. On September 20, 1985 Mentzer & Rhey filed an action for damages alleging the cause of the collapse to be a defective culvert constructed by Ferrari and also fraudulently concealed by him during the sales transaction. On June 9, 1984 Ferrari filed a complaint to join Fisher, Long and

Rigone, the law firm representing Mentzer & Rhey in the property sale. The complaint alleged that Mentzer & Rhey's lack of knowledge of the existence of the culvert was due entirely to the attorneys' negligence in performing the title search and that therefore the proposed third-party defendant attorneys should be solely liable to Mentzer & Rhey for damages or in the alternative should be jointly liable with original defendant.

The additional defendants filed preliminary objections alleging misjoinder of a cause of action. The Honorable Joseph A. Hudock sustained the preliminary objections in an order filed on December 1, 1986. Ferrari filed an appeal from this order to this Court on December 10, 1986.

The litigants frame the issue as whether Pa.R.C.P. 2252(a) permits Ferrari to join plaintiff's attorneys Fisher, Long and Rigone on the theory that the attorneys would be solely or jointly and severally liable for the damage to plaintiff's land, if professional malpractice were to be found.

Rule 2252(a) states:

### Rule 2252.  Right to Join Additional Defendants

In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Pa.R.C.P. 2252(a).  As amended in 1969, the rule enlarged the scope of additional defendant practice in Pennsylvania by allowing causes of action arising out of the same transaction or occurrence to be tried together, thus avoiding multiple lawsuits. *Free v. Lebowitz,* 463 Pa. 387, 344 A.2d 886 (1975).  Courts have permitted joinder when the asserted liability of the additional defendant is related to the claim of the original plaintiff as well as if it is an unrelated claim

which nevertheless "arises out of the same transaction or occurrence upon which the cause of action is based." *Svetz for Svetz v. Land Tool Co.*, 355 Pa.Super. 230, 234, 513 A.2d 403, 405 (1986) *citing Township of Upper Makefield v. Benjamin Franklin Federal Savings and Loan Association*, 271 Pa.Super. 399, 403, 413 A.2d 726, 728 (1979). This unrelated claim would be any cross claim that a first-party defendant would have against a second-party defendant that is based on a different cause of action from that upon which the plaintiff has sued. 8 Goodrich–Amram.2d § 2252(a): 8.1.

However, "[w]hile the 1969 amendment enlarges the kinds of causes of action which may be joined, it certainly does not eliminate the necessity of pleading a valid cause of action." *American Metal Fabrications Company v. Goldman*, 227 Pa.Super. 284, 289, 323 A.2d 891, 894 (1974) (citation omitted); *Accord Township of Upper Makefield, supra.* Joinder is permissible only if the additional defendant *"is or may be liable to the joining party* on a cause of action arising out of the transaction or occurrence upon which the plaintiff's cause of action is based." *Schladensky v. Ellis*, 442 Pa. 471, 475, 275 A.2d 663, 665 (1971) (emphasis added).

We stand with the trial court upon the principle that "[t]he general rule [in Pennsylvania] is that an attorney will be held liable for negligence only to his client. In the absence of special circumstances, he will not be held liable to anyone else." *Smith v. Griffiths*, 327 Pa.Super. 418, 425, 476 A.2d 22, 26 (1984). *See also Worldwide Marine Training Corporation v. Marine Transport Service, Inc.*, 527 F.Supp. 581 (E.D.Pa.1981). Buttressing this rationale is *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983) in which the Supreme Court of Pennsylvania rejected a balancing test to establish the liability of third parties. Thus we retain the requirement that "[a party] must show an attorney-client relationship or a specific undertaking by the attorney furnishing professional services … as a necessary prerequisite for maintaining [a suit]." *Id.*, 501 Pa. at 58, 459 A.2d at 750. Therefore, because appellant Ferrari is

not in privity with plaintiff's attorneys, he has no cause of action against them and thus may not, under Pa.R.C.P. 2252(a), join the attorneys as third-party defendants.

Even assuming a valid cause of action, however, defendant Ferrari could not join plaintiff's attorneys because the attorneys' liability, if any, would be secondary to Ferrari's primary liability. Secondary versus primary liability "depends on a difference in *character* or *kind* of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person." *Builders Supply Co. v. McCabe,* 366 Pa. 322, 326, 77 A.2d 368, 370 (1951) (emphasis in original). Further, most germane to our case:

> secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law *or because of a failure to discover* or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible.

*Builders Supply,* 366 Pa. at 328, 77 A.2d at 371 (emphasis added). *Accord, Sirianni v. Nugent Bros., Inc.,* 509 Pa. 564, 506 A.2d 868 (1986). Applying this principle to the facts before us, the "character or kind" of liability that the law firm would incur is imputed to it because it is based on the legal obligation to perform a competent, non-negligent title search and a failure to discover a defect during that search. It is therefore secondary to the liability Ferrari would incur as the actual creator of the defect itself, the alleged fraudulently constructed and concealed culvert.

■ If the party sought to be joined as a third party defendant is secondarily liable to the original defendant, then the original defendant "may not require a party secondarily liable to be joined as an original defendant." *Eckrich v. DiNardo,* 283 Pa.Super. 84, 89, 423 A.2d 727, 729 (1980). The rationale for this principle speaks to the very purpose of joinder:

> While a party secondarily liable is entitled to indemnity for any damages he is compelled to pay from one who is

primarily liable, the converse is not true. Therefore, at least where the liability of the party sought to be joined is secondary, Rule 2252 precludes joinder since the proposed additional defendant cannot be solely liable to the plaintiff, liable over to the original defendant, jointly or severally liable with the original defendant, or liable to him on a separate cause of action in the nature of a cross claim. *Id.,* 283 Pa.Super. at 89 n. 3, 423 A.2d at 729 n. 3. *See also Jenkins v. American Dredging Co.,* 406 Pa. 145, 177 A.2d 451 (1962), where a motorist struck a pipe on a portion of a city street under exclusive control of a pipe installation company and the court barred the pipe company from joining the city under Pa.R.C.P. 2252(a). Defendant Ferrari, therefore, as the primarily liable party, could not, under Pa.R.C.P. 2252(a), join plaintiff's attorneys, the secondarily liable party. Ferrari would have no right to indemnity from the attorneys and joinder would thus be without purpose.

In light of our disposition of the joinder issue, it is unnecessary to address the personal liability issue raised by attorney Donald R. Rigone, partner in the law firm of Fisher, Long and Rigone, in his individually filed brief.

Judgment affirmed.