**Broughal v. First Wachovia Corp.**

*Gerald J. Williams,* for plaintiff.
*Thomas C. Sadler Jr., Gregory M. Harvey,* and *Kevin M. Donovan,* for defendant.

HOGAN, *J.,* April 29, 1992—

## HISTORY

Defendants First Wachovia Corp., Wachovia Corporate Services Inc. (hereafter bank), collectively bring preliminary objections challenging a complaint brought (1) for unlawful interception, disclosure and use of telephone conversations to which plaintiff was a party and (2) defamation and invasion of privacy. Specifically, plaintiff alleges that, in violation of Pennsylvania's Wiretapping and Electronic Surveillance Control Act,

18 Pa.C.S. §5701 et seq.,[1] defendants illegally recorded one of plaintiff's Pennsylvania business telephone conversations defendants' agents[2] had received in North Carolina, and a second to plaintiff which was initiated by defendants from North Carolina. Plaintiff alleges defendants transcribed the contents of both, and disclosed and later used those contents in conversations with the plaintiff and at least one other individual, all without plaintiff's consent. Plaintiff includes counts for common law defamation and invasion of privacy. Defendants challenge the applicability of the Control Act, assert pre-emption of the subject matter by federal communications acts, and assert plaintiff is a public figure not entitled to defamation and privacy damages for conduct alleged in the complaint.[3]

## FACTS

The interception and recording of the conversations here at issue occurred when Wachovia personnel in North Carolina recorded business communications from plaintiff who was at the time solicitor to Hanover Township, Northampton County, Pennsylvania. The conversations centered on an effort to obtain contractor's surety bond to the benefit of the township. Two tele-

---

1. Act of 1988, Oct. 21, P.L. 1000.

2. Plaintiff's complaint at paragraph 4 states:

"At all times material hereto, Wachovia was actively involved in the direction and control of the activities of the other defendants, all of whom were acting as the actual or apparent agent and/or alter ego of Wachovia."

3. Defendant's additional objections to service of original process, failure to file notice to plead, and failure to verify complaint are moot. Plaintiff has filed an amended complaint, in accordance with Pa.R.C.P. 1028, in which these objections have been cured.

phone calls took place. One was initiated by plaintiff from Pennsylvania. The second was initiated by Wachovia personnel from North Carolina, and received by plaintiff in Pennsylvania. Each conversation was recorded by Wachovia personnel at the North Carolina location.

Thereafter, a dispute arose concerning the bond transaction. In an attempt to verify the history of the telephonic negotiations, Wachovia related the contents at the conversations with at least one other person and plaintiff. The plaintiff has filed the instant complaint to redress the interception and disclosure, charging violation of the Control Act, defamation and invasion of privacy. The matter is before the court on defendant's preliminary objections that the Control Act does not apply to these conversations, and plaintiff is a public official without statutory or other protection of privacy rights in such matters.

## DISCUSSION

### Standard of Review

In ruling on preliminary objections, a court must generally accept as true all well and clearly pleaded facts. *Silver v. Korr,* 392 Pa. 26, 139 A.2d 552 (1958). Preliminary objections admit as true all facts which are well pleaded and all inferences reasonably deducible therefrom. *PennDOT v. Pennsylvania Power & Light Co.,* 34 Pa. Commw. 594, 383 A.2d 1314 (1978). In ruling on preliminary objections, facts that are well pleaded, material and relevant are considered as true, together with such reasonable inferences as may be drawn from these facts, and preliminary objections will be sustained only if they are clear and free from doubt. *Ohio Casualty Group Insurance Co. v. Argonaut Insurance Co.,* 92 Pa. Commw. 560, 500 A.2d 191 (1985).

For a demurrer to be sustained, it must clearly appear from these facts and inferences that the law will not permit recovery. *Niebauer v. Center City Solid Waste Authority,* 59 Pa. Commw. 264, 429 A.2d 1210 (1981). Any doubt as to whether the demurrer should be sustained should be resolved in favor of overruling it. *Modesta v. SEPTA,* 300 Pa. Super. 6, 445 A.2d 1271 (1982).

### Attack On Personal Jurisdiction
### Over Defendant First Wachovia

Defendant First Wachovia denies it has sufficient contact with Pennsylvania to confer in personam jurisdiction over it. In the complaint, plaintiff alleges (1) First Wachovia does business in Pennsylvania; and (2) it was "actively involved in the direction and control of the activity of the other defendants, all of whom were acting as the actual or apparent agent and/or alter ego of Wachovia." Defendants do not challenge jurisdiction over either defendant corporate services or defendant bank.

Taking as true plaintiff's facts as pleaded in his complaint, First Wachovia engaged in issuing an irrevocable standby letter of credit to Pfizer Specialty Minerals Inc., for the benefit of Hanover Township, Northampton County, Pennsylvania. Defendant or its agents made telephone calls to plaintiff in Pennsylvania, to advance defendant's bond business within Pennsylvania. The cause of action involves the conduct of Wachovia during and after the specific business activities plaintiff and defendants conducted within the Commonwealth. Wachovia's actions were designed to effect a business contract that was unique to Pennsylvania—the assurance of performance of obligations within a Pennsylvania municipality. All the circumstances constitute suffi-

cient activity within the Commonwealth to authorize exercise of the court's jurisdiction. *Skinner v. Flymo Inc.,* 351 Pa. Super. 234, 505 A.2d 616 (1986). Should plaintiff be able to establish the agency relationship, First Wachovia may be liable for all injury resulting from its subsidiaries' acts. *Beckwith v. International Mill Services Inc.,* 617 F.Supp. 187 (E.D. Pa. 1985); *Indian Coffee Corp. v. Proctor & Gamble,* 482 F.Supp. 1098 (E.D. Pa. 1980).

## CONTROL ACT

Title 18 Pa.C.S. §5725 provides as follows:

"Civil action for unlawful interception, disclosure or use of wire, electronic or oral communication.

"(a) *Cause of action*—Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use such communication; and shall be entitled to recover from any such person:

"(1) Actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation, or $1,000, whichever is higher.

"(2) Punitive damages.

"(3) A reasonable attorney's fee and other litigation costs reasonably incurred.

"(b) *Waiver of sovereign immunity*—To the extent that the Commonwealth and any of its officers, officials or employees would be shielded from liability under this section by the doctrine of sovereign immunity, such immunity is hereby waived for the purposes of this section.

"(c) *Defense*—It is a defense to an action brought pursuant to subsection (a) that the actor acted in good faith reliance on a court order or the provisions of this chapter.

"As amended 1988, Oct. 21, P.L. 1000, No. 115, §5, imd. effective."

Title 18 Pa.C.S. §5703(1) defines the following prohibited act:

"Interception, disclosure or use of wire, electronic or oral communications.

"Except as otherwise provided in this chapter, a person is guilty of a felony of the third degree if he:

"(1) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or oral communication.

"(2) intentionally discloses or endeavors to disclose to any other person the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication: or

"(3) intentionally uses or endeavors to use the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication.

"As amended 1988, Oct. 21, P.L. 1000, No. 115, §5, imd. effective."

*Motion to dismiss alleging inapplicability
of the Control Act to these facts*

**1. *Interception and Recording***

The cause of action recited is not known at common law, and therefore the statute which establishes the action

must be strictly construed. *Boettger v. Loverro,* 526 Pa. 510, 587 A.2d 712 (1991). The court looks first to the statute to derive the intention of the legislature in creating this new cause of action and remedy. *Bryant v. Riddle Memorial Hospital,* 689 F. Supp. 490 (E.D. Pa. 1988).

The language of the statute which creates the torts does not clearly, concisely and definitely state the locus of the conduct which the statute intends to control. The Commonwealth does not have general power to control criminal conduct which occurs outside its borders. *Commonwealth v. Fillstone,* 253 Pa. Super. 577, 385 A.2d 489 (1978). Likewise, common law torts are deemed to have been committed within the Commonwealth only should the conduct have originated here, or its direct natural result occurred here. See Restatement 2d Conflicts §145; *Miller v. Gay,* 323 Pa. Super. 466, 470 A.2d 1353 (1983); *Griffith v. United Air Lines Inc.,* 416 Pa. 1, 203 A.2d 796 (1964).

It is important to note that the challenge of the conduct of the defendants here is not a violation of North Carolina statute.[4] Our courts have declined to invoke the Control Act's provision for compensation and penalties where the lawful interception and recording occurred within Pennsylvania boundaries pursuant to court order specifically permitted under the statute. See *Boettger, supra,* 526 Pa. 510, 587 A.2d 712 (1991). The legislature has provided no clear direction to the court concerning whether it intends to legislate existence of a tort in Pennsylvania as a result of foreign acts of electronic interception of Pennsylvania telephone calls which travel beyond Commonwealth boundaries.

---

4. North Carolina permits a telephone subscriber to record telephone calls on its own telephone lines. North Carolina General Statutes §14-155.

All elements of the instant interceptions and recordings occurred in North Carolina, though at the time of the speech, the voice recorded emanated from Pennsylvania, and the victim who alleges he had an expectation of privacy was located in Pennsylvania. Neither party has provided the court with any precedent concerning foreign recording and interception.

It may be helpful in addressing this issue to determine whether the criminal provisions of the statute have been violated by the challenged acts of the defendant.

Title 18 Pa.C.S. §102 states, in relevant part:

"(a)   Except as otherwise provided in this section, a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct or the conduct of another for which he is legally accountable if either:

"(1)   the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth....

"(b)   Paragraph (a)(1) of this section does not apply when causing a particular result is an element of an offense and the result is caused by conduct occurring outside this Commonwealth which would not constitute an offense if the result had occurred there, unless the actor intentionally or knowingly caused the result within this Commonwealth."

Criminal responsibility could not attach if the conduct outside the Commonwealth did not constitute an offense at the place of commission, and there was no intentional or knowing result caused within the Commonwealth. *Commonwealth v. Fillstone, supra.* The "result" under review here is the interception and recording, not the conversation. It is undisputed the interception and recording took place in North Carolina only. It follows

that under Pennsylvania law of torts, foreign interception and recording of a conversation cannot form the basis for a civil complaint for unlawful interception under this Pennsylvania statute.

## 2. *Disclosure of Intercepted Communications*

Parties agree that plaintiff cannot recover against defendants under this section for disclosure of legally obtained wiretap information. *Boettger v. Loverro,* 526 Pa. 510, 587 A.2d 712 (1991). The logic of *Boettger* dictates that no statutorily created cause of action can exist in Pennsylvania for revelation of a communication lawfully intercepted in North Carolina under North Carolina law.

The preliminary objection does not raise, and the court does not reach, the issue of any cause of individual or class action for defamation and invasion of privacy under the common law. Further, the court need not address pre-emption of Pennsylvania's Control Act by federal law, or plaintiff's standing as a public figure.

## CONCLUSION

This court has jurisdiction over the parties and subject matter. Defendants' objections to the applicability of the Control Act, regarding both interception and disclosure of intercepted wire communications, must be sustained. The Control Act does not apply to legal interception of communications beyond Pennsylvania borders, nor to Pennsylvania disclosure of wire communications lawfully intercepted by the actor in a foreign jurisdiction.

## ORDER OF COURT

And now, April 29, 1992, it is hereby ordered, adjudged and decreed that the court sustains defendants' demurrer to class action complaint under 18 Pa.C.S. §5701 et seq., and the complaint is dismissed.