## Grovatt v. Friedman

*Leo V. DeVito,* for plaintiff.

*Ronald W. Shipman,* for defendant.

*Robert D. Schaub,* for additional defendant Peil & Egan.

*Edward A. Monsky,* for additional defendant Fonzone & Ashley.

*Susan Ellis Wild,* for additional defendant Thomas S. Ferguson.

*Gus Milides,* for additional defendant Michael J. Perrucci.

HOGAN, *J.,* July 29, 1992—

## FACTS AND PROCEDURAL HISTORY

Plaintiff buyer instituted an action against defendant sellers alleging inability to convey good title to New Jersey real estate under an agreement dated August 1, 1986. Buyer was represented in the transaction by John Ashley, attorney at law, of the firm of Fonzone & Ashley (col-

lectively referred to as additional defendant "Ashley"). Michael Perrucci, a New Jersey attorney, was also retained to perform certain services to the buyer to complete the purchase.[1]

Defendant sellers filed a third-party complaint joining several additional defendants, including those listed above. Defendant sellers allege the following causes of action against Ashley and Perrucci:

(1) Breach of contract;

(2) Breach of implied warranty;

(3) Negligence; and

(4) Strict liability.

Additional defendants Ashley and Perrucci have filed preliminary objections challenging whether plaintiff has a cause of action for legal negligence against legal counsel for the other party to an arm's length transaction.[2] Because the objecting additional defendants represented plaintiff/buyer in some capacity, their positions are essentially the same, and will be discussed together.

## DISCUSSION

In ruling on preliminary objections, a court must generally accept as true all well and clearly pleaded facts. *Silver v. Korr,* 392 Pa. 26, 139 A.2d 552 (1958). Preliminary objections admit as true all facts which are well pleaded and all inferences reasonable deducible therefrom.

---

1. The scope of attorney Perrucci's involvement is disputed. Our opinion relies on the premise that Mr. Perrucci was in some way involved; we do not make any determination regarding the level of involvement of Perrucci, nor do we make any ruling on that issue.

2. The land is in New Jersey. The parties provide no guidance concerning applicable law. Absent any direction from the parties, we assume for purpose of disposing of this motion only, that parties agree Pennsylvania law applies.

*PennDOT v. Pennsylvania Power & Light Co.,* 34 Pa. Commw. 594, 383 A.2d 1314 (1978). In ruling on preliminary objections, facts that are well pleaded, material and relevant are considered as true, together with such reasonable inferences as may be drawn from these facts, and preliminary objections will be sustained only if they are clear and free from doubt. *Ohio Casualty Group Insurance Co. v. Argonaut Insurance Co.,* 92 Pa. Commw. 560, 500 A.2d 191 (1985). For a demurrer to be sustained, it must clearly appear from these facts and inferences that the law will not permit recovery. *Niebauer v. Center City Solid Waste Authority,* 59 Pa. Commw. 264, 429 A.2d 1210 (1981). Any doubt as to whether the demurrer should be sustained should be resolved in favor of overruling it. *Modesta v. SEPTA,* 300 Pa. Super. 9, 445 A.2d 1271 (1982).

Pennsylvania Rule of Civil Procedure 2252 states:[3]

"Rule 2252. *Right to Join Additional Defendants—*

"(a) Except as provided by Rule 1706.1, any defendant or additional defendant may join as an additional defendant any person, whether or not a party to the action, who may be:

"(1) solely liable on the plaintiff's cause of action; or

"(2) liable over to the joining party on the plaintiff's cause of action; or

"(3) jointly or severally liable with the joining party on the plaintiff's cause of action; or

"(4) liable to the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

---

3. As amended April 4, 1990, effective July 1, 1990.

The counts against additional defendants allege that they are solely liable to plaintiff, that they are liable over to defendants, and that they are jointly and severally liable to plaintiff with original defendants.

The general rule [in Pennsylvania] is that an attorney will be held liable for negligence only to his client. In the absence of special circumstances, he will not be held liable to anyone else. *Mentzer & Rehey Inc. v. Ferrari,* 367 Pa. Super. 123, 532 A.2d 484 (1987), citing *Smith v. Griffiths,* 327 Pa. Super. 418, 476 A.2d 22 (1984).

The facts of *Mentzer, supra,* closely resemble those of our case.[4] In *Mentzer, supra,* buyer brought an action against the sellers, who attempted to join buyer's attorneys as parties defendant. The *Mentzer* court recognized a distinction between the liability alleged by buyer against sellers as contrasted with the potential liability of buyer's attorney to his buyer-client. The court said:

"[T]he attorney's liability [to buyer, his client], if any, would be secondary to [sellers'] primary liability [to buyer under the agreement of sale]. Secondary versus primary liability depends on a difference in character or kind of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. *Builders Supply Co. v. McCabe,* 366 Pa. 322, 77 A.2d 368 (1951)....

---

4. The facts of *Somers v. Gross,* 393 Pa. Super. 509, 574 A.2d 1056 (1990), are not akin to those before us. In *Somers,* plaintiff brought a professional negligence action against his accountant. The accountant joined plaintiff's attorney, who also had a fiduciary relationship with plaintiff concerning the same subject matter.

We are unable to compare this case to *Shaye's Market Inc. v. Shoenen's Supermarket Inc.,* No. 1990-C-3444 (Northampton County C.P., Simpson, J., 1991), as the facts recited in that order do not compel a comparison.

"Applying this principle to the facts before us, the 'character of kind' of liability that the law firm would incur is imputed to it because it is based on the legal obligation to perform a competent, non-negligent title search and a failure to discover a defect during that search. It is therefore secondary to the liability [seller] would incur as the actual creator of the [title] defect itself...." *Mentzer, supra* at 127, 532 A.2d at 486.

Plaintiff buyer alleges that sellers failed under its agreement to satisfy statutorily created obligations prior to a sale of land. Buyer's legal counsel's negligence, if any, would create only secondary liability to buyer, as opposed to the primary liability imposed on sellers. Under these facts sellers may not join buyer's counsel on a sole liability theory. *Eckrich v. DiNardo,* 283 Pa. Super. 84, 423 A.2d 727 (1980).

Further, taken as a whole, the complaint makes no allegation of fact, nor do facts well pleaded support an inference that additional defendant attorneys had contracted with sellers, thereby barring any express or implied warranty and indemnity claims.

The reasoning of *Mentzer* bars joint liability for negligence, since any negligence of buyer's attorneys is secondary only, and would not be subject to comparison with sellers' liability for primary negligence.

Finally, strict liability concepts are in derogation of common law. *Atlantic Pipeline Co. v. Dredge Philadelphia,* 247 F. Supp. 857 (E.D. Pa. 1965). Sellers offer no statutory or decisional precedent which recognizes that an attorney is strictly liable to his client or any person dealing at arms' length with his client.

Therefore, we enter the following

## ORDER OF COURT

And now, July 29, 1992, it is hereby ordered, adjudged and decreed that the demurrer to the complaint joining additional defendants John W. Ashley, Fonzone & Ashley, and Michael J. Perrucci is sustained. Joinder complaint is dismissed as to these additional defendants.