J-A18008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DANIEL J. VASIL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL J. VASIL AND MICHAEL J. | : | No. 1367 WDA 2022 |
| VASIL, ADMINISTRATOR FOR THE | : | |
| ESTATE OF MICHAEL VASIL | : | |
| v. | : | |
| | : | |
| | : | |
| ANGELO A. PAPA, ANGELO A. PAPA | : | |
| I/T/A SIGNATURE HILL, ANGELO A. | : | |
| R. PAPA PC, SIGNATURE HILL | : | |
| PROFESSIONAL CONSULTANTS, | : | |
| SIGNATURE HILL SUBSTANCE ABUSE | : | |
| NETWORK | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER A. PAPA, | : | |
| CHRISTOPHER A. PAPA I/T/A PAPA | : | |
| LLC | : | |

Appeal from the Order Entered October 26, 2022
In the Court of Common Pleas of Mercer County
Civil Division at No. 2020-03505

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: January 25, 2024**

Daniel J. Vasil (Appellant) appeals *pro se* from the order sustaining preliminary objections and dismissing Appellant's second amended complaint with prejudice.[1]  We affirm.

Appellant and Michael J. Vasil (Michael) are brothers, and the only children of Michael Vasil (Decedent).  Michael is the administrator of Decedent's estate.[2]

On December 30, 2020, Appellant initiated the underlying action by filing a praecipe for writ of summons naming, *inter alia*, Angelo A. Papa, Esquire, and Angelo A. Papa's son, Christopher A. Papa, Esquire (collectively, Defendants[3]).  Appellant filed a complaint against Defendants and Michael (collectively, Appellees) on January 21, 2022, followed by a first amended complaint on March 3, 2022.  According to Appellant, his "claim involves the alteration by [Appellees] of plans for Decedent's end-of-life personal care and wealth distribution, without agency authority, for their personal financial gain."  Appellant's Brief at 5.

---

[1] The trial court concluded, "Other pending filings at this docket appear MOOT in light of the above."  Order, 10/26/22.

[2] In a separate action, Appellant unsuccessfully petitioned for the removal of Michael as administrator of Decedent's estate.  Appellant appealed that decision and this Court affirmed.  **See In re Est. of Vasil**, 272 A.3d 467 (Pa. Super. 2022) (unpublished memorandum).

[3] Angelo Papa represents Decedent's estate.  **See** Appellees' Brief at 7. Christopher Papa does not represent the estate "but has, from time to time, assisted his father, Attorney Angelo, with certain limited issues in the matter, including appearing at a status conference when Attorney Angelo had a scheduling conflict."  **Id.** at 7-8.

- 2 -

The trial court explained:

Preliminary Objections to the First Amended Complaint were filed on March 24, 2022. Before these objections could be heard…, Appellant filed his Second Amended Complaint. The [trial c]ourt [held] a hearing on May 2, 2022, and after hearing from *pro se* Appellant and opposing counsel, the [c]ourt decided to consider the preliminary objections as applied to the Second Amended Complaint, because although the First Amended Complaint was moot, the First and Second Amended Complaints, and the objections thereto, were substantially similar. Notwithstanding this decision, Appellees filed Preliminary Objections to the Second Amended Complaint on May 16, 2022, and these were sustained.

Pa.R.A.P. 1925(a) Opinion, 1/18/23, at 1-2.

On October 26, 2022, the trial court entered an order and opinion sustaining preliminary objections and dismissing Appellant's second amended complaint with prejudice. Appellant filed a timely notice of appeal on November 21, 2022, and a court-ordered concise statement of matters complained of on appeal on December 19, 2022. The trial court issued its Pa.R.A.P. 1925(a) opinion on January 18, 2023.

Appellant presents two issues for our review:

I.   Whether the [t]rial [c]ourt abused its discretion and/or erred in failing to follow Pennsylvania and Mercer County Local Rules of Civil Procedure.

II.  Whether the [t]rial [c]ourt abused its discretion and/or erred in failing to acknowledge that the facts pleaded, if proven, support valid causes of action that could be pursued by a personal representative of Decedent's Estate, if not the Appellant.

Appellant's Brief at 4.

We initially observe:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*d'Happart v. First Commonwealth Bank*, 282 A.3d 704, 712 (Pa. Super. 2022) (citation omitted).

Appellant is proceeding *pro se,* and it is somewhat difficult to decipher his overlapping arguments, which are conclusory and confusing.[4] Appellees describe Appellant's arguments as "not concise … streams of consciousness rather than factual allegations and properly developed legal arguments." Appellees' Brief at 18. We agree.

In his first issue, Appellant claims the "failure of the [trial] court to adhere to rules of civil procedure prejudiced Appellant and denied [Appellant] the opportunity to fully adjudicate the case." Appellant's Brief at 16. Appellees counter that Appellant "fails to clearly state [with specificity] which

---

[4] Although "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *See*, *e.g.*, *Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa. Super. 2021) (citation omitted).

rules of civil procedure he alleges were violated." Appellees' Brief at 26 (citing Appellant's Brief at 16).

Appellant cites Mercer County Local Rule L317 (pertaining to procedures for cases initiated by writ of summons) and Pennsylvania Rules of Procedure 1017 ("Pleadings Allowed") and 1028 ("Preliminary Objections"). However, Appellant fails to articulate how the trial court's alleged disregard of these rules negatively impacted him. Moreover, the record indicates the trial court did not violate any rules.

As Appellees explain,

counsel for Attorney Angelo and Attorney Christopher filed Preliminary Objections to [Appellant]'s First Amended Complaint, a Brief in Support, and a Praecipe for Argument on March 24, 2022. Twenty-one (21) days later on April 14, 2022, [Appellant] filed his Second Amended Complaint. Upon review of the Second Amended Complaint, **recognizing substantial similarities between [Appellant]'s First and Second Amended Complaint, and discerning a suspected pattern of frivolous complaint filing**, counsel for Attorney Angelo and Attorney Christopher filed the Motion to Proceed with Oral Argument on Defendants' Preliminary Objections. This Motion essentially asked the trial court to not moot Attorney Angelo and Attorney Christopher's Preliminary Objections to [Appellant]'s First Amended Complaint, but, rather, to consider the Preliminary Objections to [Appellant]'s First Amended Complaint as their Preliminary Objections to [Appellant]'s Second Amended Complaint. The trial court appropriately considered and granted the Motion on April 27, 2022.

Appellees' Brief at 26-27 (citations omitted, emphasis added).

Our review confirms the above filings. The trial court explained that it "decided to consider the preliminary objections as applied to the Second Amended Complaint, because … the First and Second Amended Complaints,

- 5 -

and the objections thereto, were substantially similar. Notwithstanding this decision, Appellees filed Preliminary Objections to the Second Amended Complaint on May 16, 2022, and these were sustained." Pa.R.A.P. 1925(a) Opinion, 1/18/23, at 1-2. The trial court reasoned:

> The Second Amended Complaint was substantially similar to the First Amended Complaint and Appellees' objections to the Second Amended Complaint would likewise be similar. **To prevent an endless loop where Appellees would file similar objections and Appellant would slightly amend his complaint before the objections could be heard, the [trial c]ourt barred Appellant from filing any new amended complaint until the [c]ourt could rule on the objections as applied to the Second Amended Complaint**. Ultimately, Appellees filed Preliminary Objections to the Second Amended Complaint on May 16, 2022, and these were sustained.

*Id.* at 3-4 (emphasis added).

Consistent with the foregoing, we discern no merit to Appellant's claim that the trial court failed to adhere to rules of civil procedure.

In his second issue, Appellant asserts that "with only 30 days' notice in circumvention of Mercer County local rules, [Appellant] produced a complaint believed complete with averments necessary for Pennsylvania causes of action." Appellant's Brief at 20. Appellant does not identify the Mercer County local rules or a cause of action. He claims, "Time constraints prevented certainty regarding the nomenclature of specific causes of action but it is believed necessary elements have been identified to pursue a case." *Id.* Appellant generally references Appellees' "participation as co-conspirators in the causes of action including civil conspiracy, fraud, breach of fiduciary duty,

- 6 -

and abuse of civil process." *Id.* Appellant asks this Court to "remand the case to the [t]rial [c]ourt allowing [Appellant] at least 60 days to finalize an initial Complaint." *Id.* at 23. This request is baseless.

Appellant had ample time to plead a legally sufficient cause of action. As stated above, he filed an initial complaint on January 21, 2022, a first amended complaint on March 3, 2022, and second amended complaint on April 14, 2022. Our review confirms that he failed to plead a sustainable cause of action.[5] The trial court concluded "there would be no purpose in allowing [Appellant] to file yet another amended complaint in light of his erroneous legal conclusions and insufficient factual allegations…." Trial Court Opinion (TCO), 10/26/22, at 5. The trial court specifically explained:

> [Appellant's] Second Amended Complaint contains many general factual averments. These contain certain allegations of discrete instances of malfeasance and/or misfeasance by Defendants and especially Michael [], the son of Decedent [] and brother of [Appellant].
>
> Following the general factual averments are a number of causes of action, but a majority of the remaining paragraphs of the Second Amended Complaint are under Count 1 — Civil Conspiracy. This count is not concise as required by Pa.R.C[iv].P. 1019(a). Count 1 alleges, *inter alia*, that Michael [] hired Attorney Angelo Papa to prepare a revocation of a 2005 Power of Attorney naming both brothers as agents of their father, and a new 2017 Power of Attorney naming only Michael [] as agent. This alone is not necessarily improper, and a review of case law shows it is

---

[5] A "person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Norman for Est. of Shearlds v. Temple Univ. Health Sys.***, 208 A.3d 1115, 1118–19 (Pa. Super. 2019) (citation omitted).

doubtful an attorney can be liable to another for conspiring with a client the attorney represents. The general rule is that an attorney will be held liable only to his client in the absence of special circumstances. ***Mentzer & Rhey, Inc. v. Ferrari***, 532 A.2d 484, 486 (Pa. Super. 1987).

A large number of the paragraphs under Count 1 — Civil Conspiracy involve Decedent's Will, a photocopy of which [Appellant] initially wished to probate. [Appellant] changed his mind and agreed to proceed as though Decedent died intestate, with Michael [] serving as Administrator. This [c]ourt is familiar with the estate matter … having denied [Appellant's] request to remove Michael [] as Administrator, which decision was appealed by [Appellant] and affirmed by the Superior Court.

Many of the causes of action in [Appellant's] Second Amended Complaint rely on legal claims that appear false on their face. [Appellant] claims the fact Decedent initially signed an agent acknowledgment for the new 2017 Power of Attorney, instead of Michael [], renders that Power of Attorney ineffective. Michael [] realized the mistake, and approximately two weeks later he signed an agent acknowledgment for the same Power of Attorney. This latter agent acknowledgment was included with the 2017 Power of Attorney when it was recorded in the Register of Wills of Mercer County shortly after the closing on the sale of Decedent's home.

Elsewhere in the Second Amended Complaint, [Appellant] claims he is a third party beneficiary of the contractual agreement between Michael [] and Attorney Angelo Papa. [F]or a third-party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself. ***Burks v. Federal Ins. Co.***, 883 A.2d 1086 (Pa. Super. 2005). This test is not met.

∗∗∗

There are many allegations of fraud in the Second Amended Complaint, but they are often general. **Fraud must be pled with particularity**. Pa.R.Civ.P. 1019(b). One specific allegation of an untruth [] by Attorney Angelo Papa is that he told [Appellant] in 2019 that his office was not involved in the sale of Decedent's home, but Attorney Papa's office drafted a deed for the transfer of the property. The firm was paid $682.50 from the proceeds of

the sale for this service. If there was a misrepresentation as alleged, it was well after the closing in 2017. It is not clear how [Appellant] could have detrimentally relied on this representation in a way that would have caused damages. …

[Appellant] claims Attorney Papa is liable to [him] for Negligence. This claim is not pled with sufficient specificity, but even if [Appellant] had elaborated on this claim, it is doubtful Attorney Papa owed any duty to [Appellant], whose interests were largely adverse to those of his client.

A number of other claims raised by [Appellant] are also not pled with sufficient specificity. The [c]ourt will not detail each defect in each count…. The [c]ourt notes [Appellant] utilizes incorporation paragraphs at the beginnings of the various counts, but it is not clear which of the hundreds of incorporated paragraphs are intended to apply to which count.

The issues … substantially overlap with issues already raised in the estate matter, … and the Estate's lawsuit against [Appellant]. This [c]ourt is familiar with both and has entered rulings at each. As stated above, [Appellant] requested that Michael [] be removed as Administrator in the estate matter. He then made many of the same allegations he now makes in the instant Second Amended Complaint. The [c]ourt will not go so far as to hold that its denial of the request to remove Michael [], affirmed by the Superior Court, necessarily precludes every claim [Appellant] may raise against Michael [] on the grounds of *res judicata*/collateral estoppel. However, Pa.R.C[iv].P. 1028(a)(6) (concerning pendency of a prior action) appears to be intended to prevent redundant actions. In the instant Second Amended Complaint, [Appellant] repeatedly references the Estate's action against [him], and Defendants' Preliminary Objections … reference discovery conducted pursuant to the Estate's action against [Appellant].

TCO, 10/26/22, at 2-5 (record citations and footnotes omitted).

Upon review, we agree with the trial court's assessment of Appellant's

second amended complaint. Thus, the trial court did not err or abuse its

discretion in sustaining preliminary objections and dismissing the second amended complaint with prejudice. **See d'Happart**, 282 A.3d at 712.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/25/2024